UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES H. FISCHER,

                Plaintiff,

   – against –

STEPHEN T. FORREST,

                Defendant.
------------------------------------------------------------x

        Docket No. 14 CV 1307
        (Engelmayer, J.)


**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO VACATE ENTRY OF DEFAULT
PURSUANT TO RULE 55(c) OF THE FEDERAL
RULES OF CIVIL PROCEDURE**


LAW OFFICES OF CAHN & CAHN, P.C.
*Attorneys for Defendant*
Office and P.O. Address
22 High Street, Suite #3
Huntington, NY 11743
(631) 752-1600

# TABLE OF CONTENTS

Preliminary Statement...................................................................................................1

Standard of Review on a Rule 55(c) Motion ...............................................................1

Willfulness........................................................................................................................4

Prejudice to Plaintiff .......................................................................................................5

Meritorious Defense.........................................................................................................5

The Entry of Default in This Case Should be Set Aside for Good Cause .....................6

Defendant's Default Was Not Willful ...........................................................................6

Plaintiff Will Not be Prejudiced if the Entry of Default is Vacated .............................8

Defendant Has Meritorious Defenses to the Plaintiff's Claims....................................9

Conclusion .......................................................................................................................9

## Preliminary Statement

This Memorandum of Law is respectfully submitted by the Defendant, Stephen T. Forrest, in opposition to the motion by the *pro se* Plaintiff, James H. Fischer, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (hereinafter, "FRCP") for a default judgment against the Defendant, and in support of the Defendant's cross-motion, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, to vacate the entry of default of Defendant for good cause.

The pertinent facts within the personal knowledge of the undersigned and which are relevant to the Plaintiff's motion for a default judgment and the cross-motion to vacate the entry of default are stated in the accompanying Affirmation of Daniel K. Cahn.  This memorandum of law sets out the applicable legal standards on a Rule 55(c) motion and, we respectfully submit, clearly demonstrates why the Plaintiff's motion for a default judgment should be denied, and the motion to vacate the entry of default should be granted.

## Standard of Review on a Rule 55(c) Motion

Rule 55(c) of the Federal Rules of Civil Procedure (hereinafter "FRCP") provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  FRCP Rule 55(c).

Rule 55(c) does not define "good cause," but the Second Circuit has instructed district courts to consider three criteria in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom the default was awarded; and (3) whether the moving party has presented a meritorious defense." *Murray Engineering, P.C. v. Windemere Properties LLC,* 2013 WL 1809637 at p. 3 (SDNY) [citing *Petersson v. Syracuse Police Dept.,* 467 Fed. Appx. 31, 33 (2d Cir. 2012) and *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993)].

The same three criteria are applied to motions brought pursuant to Rule 60, although they are applied more rigorously in the context of a Rule 60 motion. *Murray Engineering*, 2013 WL 1809637 at p. 3 (SDNY); *see also, American Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 59 (2d Cir. 1996).

The Second Circuit has held that there is a strong "preference for resolving disputes on the merits." *Id.,* citing *Enron Oil Corp.,* 10 F.3d at 95. Moreover, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should resolve in favor of the defaulting party." *Id.,* citing *Enron Oil Corp.,* 10 F.3d at 96.

Importantly, in cases where "substantial rights are implicated" or "when substantial sums of money are demanded," default judgments "are particularly disfavored by the law." *Id.,* citing *Enron Oil Corp.,* 10 F.3d at 97; *see also, Horn v. Intelectorn Corp.,* 294 F.Supp. 1153, 1155 (SDNY 1968) ("Matters which involve large sums of money should not be determined by default judgments if can be reasonably avoided.") [internal citations omitted].

In this case, the Plaintiff admittedly seeks the following damages: $750 to $150,000 for each of four alleged infringed copyrighted works; $2,500 to $25,000 for each of the four alleged copyrighted works for removal of copyright management information; and his costs of suit including "reasonable outside counsel consulting attorneys' fees". *See,* Plaintiff's Mem. of Law filed on April 2, 2014 (Document No. 7) at p. 3. Plaintiff also seeks a permanent injunction against the Defendant.

Defendant respectfully submits that because substantial rights are implicated and substantial money damages are demanded, an entry of default would be inappropriate, and the case should be decided on the merits.

2

It should also be noted that in this case, Defendant seeks to vacate the Clerk's entry of default against him, not the entry of a default judgment, the latter of which, as noted above, would require the court to apply the standard of review more rigorously.

When analyzing the three-prong test for determining whether "good cause" exists (*see*, ¶ 4, *supra*), a finding that one factor militates against good cause is not dispositive. *Id.* at p. 4. In *Murray Engineering,* the plaintiff sought damages for copyright infringement including infringement of an architectural work as well as technical drawings and photographs, totaling $67,500 in actual damages and $1.18 million in infringer's profits. With respect to the damages, this Court stated: "Indeed, because a large sum of money is at stake, good cause will be found unless these factors weight clearly in [Plaintiff's] favor." *Id.* at p. 4.

The defaulting party in the *Murray* case was "WP". WP's deadline to appear or answer the complaint had been February 1, 2012. A certificate of default was issued more than three weeks later, on February 27, 2012, and a month after that, on March 28, 2012, the plaintiff moved for a default judgment against WP. On April 20, 2012, an attorney representing WP wrote to the court requesting an extension of time to appear and answer the complaint, to April 26, 2012, which this Court granted. However, not having heard from WP, on April 26, 2012, the court granted plaintiff's motion for a default judgment against WP and ordered an inquest on damages. *Id.* at p. 1. Because the pending inquest rendered the court's granting of a default judgment a non-final determination, the court determined that the standard of review on a Rule 55(c) motion would apply, instead of the more rigorous Rule 60(b) standard. *Id.* at p. 3. On September 29, 2012 and October 2, 2012 – almost exactly 7 months after WP's deadline to appear or answer had passed – two attorneys filed notices of appearance on WP's behalf.

3

The inquest on damages in *Murray* was ultimately scheduled for October 5, 2012, more than 5 months after the default judgment had been entered, and was against adjourned at the request of WP's counsel.  At a conference on October 15, 2012, WP's counsel advised the court that it intended to move to vacate the default judgment.  On October 19, 2012, WP filed its motion to vacate.  *Id.* at p. 2.

### Willfulness

As this Court noted in *Murray Engineering,* the Second Circuit has interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless.  *Id.* at p 4 (citing *S.E.C. v. McNulty,* 137 F3d. 732, 738 (2d Cir. 1998)).

However, the court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained.  *Id.*  The court went on to state that it would be sufficient that the defendant "acted deliberately".  *Id.* (citing *Gucci A,., Inc. v. Gold Ctr. Jewelry,* 158 F.3d 631, 635 (2d Cir. 1998)).

In *Murray,* the court accepted defendant's counsel's explanation for the extended delays – that he had 'forgotten' about the lawsuit because of a personal family crisis involving the health of his son – but still found that he had been negligent:

> Less easy to accept is [WP's counsel's] permitting months to go by without moving to set aside the default judgment.  Even taking into consideration the personal difficulties faced by [WP's counsel], his behavior was highly negligent.

*Murray,* 2013 WL 1809637 at p. 5.  In spite of its finding of negligence, the court concluded that the conduct did not rise to the level of willfulness because it had not been a deliberate strategic decision not to respond to the complaint.  Reserving all doubts in favor of moving party, the court held that there was sufficient reason to find good cause to vacate the entry of default in *Murray.  Id.*

4

**Prejudice to Plaintiff**

Prejudice to the non-defaulting party is "the single most persuasive reason for denying a Rule 55(c) motion." *Id.* (internal citation omitted). In order to show the requisite level of prejudice, the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated. *Id.*

Moreover, it is well established that "delay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (internal citation omitted).

The court also noted that 'in most instances, the finding of no substantial prejudice reflects the ability of the court to impose terms that and conditions on the granting of relief in order to compensate or otherwise protect the party not in default. *Id.* (internal citation omitted).

With respect to the "prejudice" prong of the test for relief from a default under Rule 55(c), this Court in *Murray* found that Plaintiff had retained an appraiser to prepare his Findings of Fact and Conclusions of Law in the inquest that had been ordered by the Court but never took place, but it cured that prejudice by the imposition of a condition that WP bear the costs of the Plaintiff's preparation of his Findings of Fact and Conclusions of Law.

**Meritorious Defense**

A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but rather, whether the evidence submitted, if proven at trial, would constitute a complete defense. *Id.* at p. 6.

The Court in *Murray,* having reviewed the brief submitted by the defendant and having considered the relevant factors, held that WP had sufficiently established "good cause" to vacate the entry of default pursuant to Rule 55(c).  *Id.*

### The Entry of Default in this Case Should be Set Aside for "Good Cause"

For the reasons stated herein and in the accompanying Affirmation of Daniel K. Cahn, Defendant respectfully submits that there is good cause in this case to vacate the Clerk's entry of default dated March 31, 2014.

### Defendant's Default was Not Willful

First, as noted in the accompanying Affirmation of Daniel K. Cahn, the defendant's default in this case was clearly not intentional, and there was no 'strategic decision' by the defendant or his counsel to deliberately refrain from appearing in this action.  The most obvious proof of this fact is that the Defendant and his counsel (both North Carolina counsel and New York counsel) spent many hours corresponding and preparing the motion to dismiss in the 'related' action, *Fischer v. Forrest* 14cv1304 – of which six out of eight total claims are identical to the six claims asserted in this action – on numerous federal and state law grounds.

Both Defendant's North Carolina counsel and the undersigned New York counsel misunderstood the fact that the Plaintiff had intended to file two separate actions, in part because the Plaintiff in the second action (i.e., this action, 14cv1307) has asserted six claims that are identical to six of the eight claims in the earlier action, 14cv1304.

If Defendant's counsel had clearly understood that plaintiff had actually intended to file a second action asserting identical claims arising out of the same transactions or occurrences as the claims he already asserts in the earlier action, 14cv1304, then the undersigned can attest (and does so under penalties of perjury in the accompanying affirmation) that we

would have appeared in the action without delay, and would have filed essentially the same motion to dismiss that we filed in the earlier action, on which we spent so many hours preparing defenses and arguments in favor of dismissal of the complaint.

As explained in more detail in the accompanying affirmation, while it was certainly not the Plaintiff's responsibility to notify the defendant's counsel during all of our correspondence on the earlier action that there was a second action that had gone unanswered, Plaintiff did not give any indication to Defendant's counsel at any time that there was a second action.  When the undersigned left a voicemail message for Plaintiff in an effort to obtain an extension of time to respond to the complaint in the earlier action, I stated "we think that there's two different docket numbers but just one case…I have docket number 14cv1304".

In all of the correspondence with Plaintiff that followed, he never indicated that we were incorrect in assuming that there was only one case.  This is not to say that Plaintiff affirmatively misled Defendant's counsel[1], but his silence about the other action when counsel had specifically inquired about it – coupled with Defendant's counsel's misunderstanding about the fact that two separate cases had indeed been filed in which six identical claims, all arising out of the same transactions or occurrences, were asserted – led to the Defendant's failure to timely answer or appear in this action.

In sum, while the Court may find in this case that Defendant's counsel was careless in failing to confirm with the Court whether a second action asserting identical claims had indeed been filed, neither Defendant nor his counsel ever intended to deliberately refrain from appearing in this action.  Thus, based on the standard as set out by this Court in *Murray*

---

[1] If Plaintiff had retained counsel to appear on his behalf, it is difficult to imagine that opposing counsel would not have extended the simple courtesy of clarifying our obvious misunderstanding by advising that there was indeed another action that remained unanswered.  In retrospect, however, such professional courtesies probably should not be expected of a *pro se* Plaintiff.

*Engineering,* supra, Defendant's failure to timely answer or appear in this action may have been careless, but it was clearly not willful.

### Plaintiff Will Not be Prejudiced if the Entry of Default is Vacated

As previously noted, *Murray Engineering* involved a months-long delay by the Defendant's counsel in appearing in the subject action and moving to vacate the default against his client. In the meantime, Plaintiff had expended monies retaining an expert to prepare for the inquest on damages that the Court had ordered but which never ultimately took place. Even under these circumstances, this Court held that the long delay in *Murray* was not prejudicial to the Plaintiff and that a condition of vacating the entry of default would be the imposition of the Plaintiff's costs upon the defaulting party, WP.

In this case, on April 11, 2014 the Court issued an Order directing the Defendant to file an appearance in this action no later than April 18, 2014 (*see,* Document No. 11). On April 17, 2014, the undersigned counsel filed a Notice of Appearance (Document No. 12). On April 18, 2014, the Court issued another Order directing the Defendant to file opposition to the motion for default judgment no later than April 25, 2014 (Document No. 13).

Defendant has complied with the Court's April 18, 2014 Order by filing this cross-motion and opposition to the Plaintiff's motion on April 25, 2014. Every act of the Defendant since learning of the existence of the second action and the necessity of answering that action, has been timely and without any delay.

Moreover, Plaintiff does not claim to have incurred any additional expenses, or any other prejudice, as a result of the Defendant's default. Thus, based on this Court's holding in *Murray Engineering,* no prejudice whatsoever will befall the Plaintiff as a result of the Defendant's slightly delayed appearance in this action.

## Defendant Has Meritorious Defenses to the Plaintiff's Claims

The Defendant's Memorandum of Law in support of his motion to dismiss the earlier-filed action, 14cv1304, is annexed as Exhibit A to the Defendant's Notice of Cross-Motion. Because all six claims in this action are already asserted in the earlier action, the arguments in the Defendant's memorandum of law in that action are equally applicable to the six claims asserted in this action. We respectfully refer the Court to the said memorandum of law for the reasons why Defendant has numerous meritorious defenses to the underlying claims in this action. *See,* Notice of Cross-Motion at Exhibit A.

Moreover, this action may be subject to dismissal, or at least a stay of all proceedings, because when two actions involving the same parties and issues are pending in two district courts, there is a danger of inconsistent results and duplication of judicial effort. *See, Baker Industries Inc. v. Cerberus Ltd.,* 549 F.Supp 312 (SDNY 1982) (internal citations omitted). Thus, sound judicial administration requires that priority be given to the first action filed unless the balance of convenience favors the second action or unless special circumstances justify giving the second action priority. *Id.* Thus, this action would be subject to dismissal on that additional ground.

## Conclusion

Based upon all of the foregoing reasons, as well as the arguments set forth in the Defendant's memorandum of law in support of his motion to dismiss in the related case, 14cv1304, Defendant respectfully submits that the entry of default in Plaintiff's favor should be vacated, and the Plaintiff's motion for a default judgment should be denied.

Dated:    April 10, 2014
          Huntington, New York

9

LAW OFFICES OF CAHN & CAHN, P.C.
*Attorneys for Defendant*

By:    */s/ Daniel K. Cahn*
        Daniel K. Cahn, Esq. (DC9791)
Office and P.O. Address
22 High Street, Suite #3
Huntington, NY 11743
(631) 752-1600