UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x     Docket No. 14 CV 1307
JAMES H. FISCHER,                                                    (Engelmayer, J.)

                Plaintiff,

  – against –                                                       **AFFIRMATION IN OPPOSITION
                                                                                      TO MOTION FOR DEFAULT
STEPHEN T. FORREST,                                                  JUDGMENT AND IN SUPPORT
                                                                                      OF CROSS-MOTION TO VACATE
                Defendant.                                         ENTRY OF DEFAULT**
---------------------------------------------------------------x

       **DANIEL K. CAHN,** an attorney at law being duly admitted to practice before the Courts of the State of New York, affirms the following under penalties of perjury:

       1.      I am a member of the firm of Law Offices of Cahn & Cahn, P.C., attorneys for the Defendant, Stephen T. Forrest, in this action. I respectfully submit this affirmation in opposition to the Plaintiff's motion for a default judgment pursuant to Rule 55(b)(2), and in support of Defendant's cross-motion , pursuant to Rule 55(c), to vacate the Clerk's entry of default for good cause.

       2.      Pursuant to Local Civil Rule 7.2, I have mailed to the *pro se* Plaintiff this date hard copies of all of the authorities relied on which may not be available to the general public or which may be exclusively listed on computerized databases[1].

       3.      Through telephone discussions and correspondence with Defendant's North Carolina counsel, Seth Hudson, partner at Clements Bernard, I can attest to the fact that neither the undersigned nor Mr. Hudson were aware that Plaintiff had actually filed a second action asserting six claims which are identical to the claims in the earlier action, and that he was

---

[1] In order to eliminate unnecessary billable time to the client for having to determine which cases are publicly available and which ones are not, Defendant's counsel has and will continue to mail to the *pro se* Plaintiff <u>all</u> cases cited by the Defendant in all memoranda of law filed or to be filed by on Defendant's behalf in this action and/or the related action, 14cv1304.

actively pursuing a default judgment against the Defendant in this action, until April 11, 2014, when this Court issued an Order (Document No. 11 in 14cv1307), requiring the Defendant's counsel to appear in this action on or before April 18, 2014.

4.  While it is true that the undersigned could have done more to investigate whether there really was a second action, or whether, as I believed at the time, the *pro se* Plaintiff had inadvertently filed a second action asserting six identical claims as those asserted in the earlier action, but had intended to prosecute only one action, this oversight was certainly not intentional.

5.  As evidenced by the Defendant's filing of a lengthy Memorandum of Law in Support of a Rule 12(b)(6) motion to dismiss for failure to state a claim in the earlier action (Exhibit A to Notice of Cross-Motion dated April 25, 2014), Defendant has always intended to vigorously defend the claims asserted by the Plaintiff against him.

6.  While the undersigned, as Defendant's counsel, could have certainly done a better job of investigating the procedural posture of the second action, it is respectfully submitted that this oversight does not rise to the level of willfulness, which is one of the three factors that courts consider when deliberating on a motion to vacate entry of a default under Rule 55(c).  *See,* Defendant's Mem. of Law dated April 25, 2014 at pp. 1-2.

7.  The other two factors are whether setting aside the default would prejudice the non-moving party, and whether the defendant has presented a meritorious defense to the underlying claims.

8.  As set out in the accompanying memorandum of law, no prejudice will befall the Plaintiff if the Court vacates the entry of default and allows the Defendant to oppose the Plaintiff's claims on the merits.  He has not claimed any additional expenditures as a result of

the brief delay in Defendant's response to the complaint and motion for a default judgment in this action. Moreover, the brief passage of time since the default was entered (March 31, 2014 – only 25 days ago as of the date of this filing) – militates against a finding of any prejudice.

9. Moreover, as noted in the Defendant's memorandum of law, the Second Circuit has held that there is a strong preference for resolving disputes on the merits, and any doubts should resolve in favor of the defaulting party. *See,* Def's Mem. of Law at p. 2.

10. Additionally, where substantial rights of the parties are implicated or when substantial sums of money are demanded, default judgments are particularly disfavored by the law. *Id.*

11. This case clearly implicates substantial rights of the parties, including the demand for a permanent injunction against the Defendant, and substantial sums of money, potentially in the hundreds of thousands of dollars, have been demanded by Plaintiff, rendering a default judgment in this case "particularly disfavored." *Id.*

12. Finally, as noted in the accompanying memorandum of law, the Defendant has a meritorious defense to the underlying claims in this action.

13. First, if Defendant is allowed to oppose this action on the merits, he will argue that the existence of the earlier action pending in the same court and asserting the same claims arising out of the same transactions or occurrences, would subject this action to dismissal – or at least to a stay of all proceedings in this action pending the determination of the earlier action – in order to avoid potentially inconsistent judgments and to prevent wasteful use of judicial resources.

14. Moreover, as noted in the Defendant's memorandum of law in the earlier action, annexed hereto as Exhibit 1 to the Defendant's Notice of Cross-Motion, Defendant has

several meritorious defenses to the underlying claims in this action (all of which are already being asserted in the earlier action).

16. 15. Based on the foregoing, the undersigned submits that the Defendant meets the three-pronged test to vacate entry of a default under Rule 55(c), and the Court should accordingly deny the Plaintiff's motion for a default judgment and grant the Defendant's motion to vacate.

16. This case and the earlier action both involve serious claims for substantial sums of money, and it is respectfully submitted that the Plaintiff's claims should be decided on their merits, and not through a default judgment in this action when the Defendant has already substantively responded to those same claims being asserted in the earlier action.

17. Based on the foregoing, the Defendant and his counsel respectfully request that the Court deny the Plaintiff's motion for a default judgment and grant the Defendant's motion to vacate the entry of default dated March 31, 2014, and the Defendant should be allowed an opportunity to respond to the complaint in this action, on the merits.

Dated:      April 25, 2014
            Huntington, New York

                                        */s/ Daniel K. Cahn*
                                        DANIEL K. CAHN (DC9791)