UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x   Case 14cv1307 (PAE)

JAMES H. FISCHER,

Plaintiff,
v.

STEPHEN T. FORREST,

Defendant.

-----------------------------------------------------------x

**AFFIRMATION IN SUPPLEMENT TO MEMORANDUM OPPOSING DEFENDANT'S CROSS-MOTION TO VACATE ENTRY OF DEFAULT**

James Fischer, who has successfully avoided having to resort to court action in any of his dealings for well over half a century, affirms the following under penalties of perjury:

In 14cv1307 docket item #30, the Defense has offered significant new evidence documenting and supporting Plaintiff's contention[1] that the Defense "*made the affirmative decision to remain in the dark*"[2] about this case in which they have Defaulted. Defense "Exhibit A", 14cv1307 Docket Item #30-1 presents two emails. At 2:57pm of 4/16/14, Mr. Cahn emailed his Co-counsel, Seth Hudson:

> "*Do you have a copy of the complaint Fischer filed in the above case?*"
> "*I'm not sure [that] Mr. Forrest was ever even served with the complaint in the case [14cv1307]. I have only the Civil Cover sheet.*"

Mr. Cahn could not download the Complaint from ECF (14cv1307 Docket Item #2). At 3:14pm, Co-counsel Hudson replied:

> "*Attached is the complaint. Thanks for your help.*"

---

[1] First offered in 14cv1307 Docket Item #28, "*Memorandum of Law Opposing Defendant's Cross-Motion to Vacate Entry of Default*"
[2] *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 414 (4th Cir. 2010)

These two emails and their timing are illuminating. They reveal both the knowledge and the mindset of the Defense on the afternoon of 4/16/2014. They are, in themselves, clear and compelling evidence to deny the Defense *"Cross-Motion to Vacate Entry of Default"*. Several logical observations arise from these emails:

1. Defendant Forrest clearly DID provide both Complaints with which he was served (cases 14cv1304 and 14cv1307) to Mr. Hudson of Clements-Bernard, as Mr. Hudson clearly had copies. (The lack of any Defense claim of improper service is now supplemented by clear evidence of service and transmittal of the Complaint to at least co-counsel Hudson.)
2. Mr. Hudson may have NOT forwarded both Complaints to Mr. Cahn.
3. When asked, Mr. Hudson was able to send Mr. Cahn a mere 17 minutes later, at 3:14pm, a copy of the Complaint for 14v1307 served upon Defendant Forrest.
4. Mr. Cahn's expressed lack of knowledge about what had been served to Defendant Forrest is additional compelling evidence of the *"**Willful Blindness**"*[3] of the Defense in this case.
5. The lack of response by Mr. Hudson on the issue of service seems calculating in the extreme, as if Mr. Hudson did not want to admit to Mr. Cahn that he was aware of service. But the only way Mr. Hudson could have a copy of the Complaint was if Defendant Forrest had been served, and Forrest supplied it to him. Regardless, it is more *"**Willful Blindness**"*.

Only the Complaint served upon Defendant Forrest on 03/06/14 could be in the possession of either Defense Counsel or Co-Counsel at 3:14pm on 04/16/14. There is no other possible source of a copy of the Complaint for the Defense. At that time, only paper copies existed, as there was no copy available from ECF (see (6) below for details).

---

[3] Id at 409-410

The above forces several logical conclusions:

1. Mr. Cahn's statement, sworn under penalty of perjury in his "*Affirmation in Opposition to Motion for Default Judgment and in Support of Cross-Motion to Vacate Entry of Default*", 14cv1307 Docket #23 was as follows:

   > "*neither the undersigned nor Mr. Hudson were aware that Plaintiff had actually filed a second action*"

2. That statement was clearly false, as proven by Defense "Exhibit A", Docket Item #30-1.

3. Further, the sworn statement in (1) above must have been known by both Mr. Cahn and Mr. Hudson to be false at the time when the Affidavit was sworn, on 4/25/14:

   a. Mr. Cahn, if "unaware" of an action, would not request a copy of the Complaint in that action from his equally "unaware" co-counsel, and expect him to have a copy.

   b. Mr. Hudson, if "unaware", would not have a copy of that Complaint to email, as it was not available from ECF at the time Mr. Hudson emailed it to Mr. Cahn.

   c. It follows that both Counsel were actually very well aware of this action and the Complaint long before this Court's Order to Appear (14cv1307 Docket #11).

4. The Defense cannot claim that Mr. Hudson simply downloaded from ECF what Mr. Cahn could not. This was impossible, as it has only now been verified by the Clerk that Mr. Cahn's statement was absolutely correct. The Complaint was NOT downloadable from ECF until about 6:00pm on 4/16/14.

The events surrounding the Complaint document and its availability are documented below.

5. Mr. Cahn's email to me of 2:34pm 4/16/14 (Docket Item #27 Page 3), made me very uncomfortable about the implications of my becoming embroiled in supplying the Defense

with "unofficial" copies of documents that should come from the Court. I had only my cellphone, and many appointments that afternoon. So, responding to his request:

    a) I called the Pro-Se Unit at 2:47pm on 4/16/14, and spoke for 3 mins, 7 secs to explain the problem (*per T-Mobile call log*).

    b) I reported that Defense counsel was unable to download the Complaint for 14cv1307 from ECF/PACER.

    c) The Pro-Se office said that they would "look into it", and call me back.

    d) I got a call back from a staff member in the Clerk's Cashier Office at 3:12pm, dialing from 212-805-0003. We spoke for 4 mins, 9 secs (*per call log*).

    e) The Clerk explained that she could not locate the case file, and asked me if I could bring her my own stamped copy of the Complaint at issue. I was happy to comply, but suggested that the file would be in Judge Englemayer's office, given the recent order for the Defense to appear in 14cv1307 (Docket #11).

    f) She replied that she would call back if she was unable to locate the Complaint.

    g) **While the Clerk was explaining to me that she could not find the file, Mr. Hudson was sending Mr. Cahn a copy of the Complaint at 3:14pm.**

6. After reading Defense 14cv1307 docket item #30, I checked with the Pro-Se Unit, the Clerk, and Judge Englemayer's Deputy on 5/13/14. They have only just now informed me that:

    a) The Complaint **WAS NOT** in ECF/PACER on the afternoon of 4/16/14.

    b) Apparently, the paper copy in the Judge's file had to be re-scanned.

    c) Mr. Josh Bender of the Judge's Office provided the Judge's copy of the Complaint to the Clerk-Cashier. I was assured by the Judge's Deputy that Mr. Bender would have a clear recollection of the event.

    d) By 6:00pm 4/16/14, the Complaint was downloadable. When I arrived home, I downloaded it myself, and IN ERROR reported "no problem" to Mr. Cahn.

    e) At that time, I suggested that Mr. Cahn "try again" to download the Complaint for himself, not wanting to become involved in the problems of the Defense.

The result is firm proof as to the availability of the Complaint in this case.

7. So, Mr. Hudson could only possess a copy of the Complaint to send Mr. Cahn if he been aware of the case all along, and had a copy of the Complaint served to Defendant Forrest.

8. Further, Mr. Cahn admits in his email to "*hav[ing] only the Civil Cover sheet.*" Perhaps he downloaded it from ECF just that very day, but the ease with which it was acquired shows just how little effort would have been required at any point for Mr. Cahn to check the docket, get the Civil Cover sheet (Docket Item #1), and see the Clerk's notation at the bottom of the first page that 14cv1304 was a related case. Yet even more "***Willful Blindness***".

The above is clear and compelling proof that Defense Counsel, Co-Counsel, or both were not only clearly aware of the false nature of their sworn statement:

> *"neither the undersigned nor Mr. Hudson were aware
> that Plaintiff had actually filed a second action"*

but had both been aware of the action and in possession of the Complaint for quite some time.

    Additionally, the Defense co-counsel's ability to have a copy of the Complaint ready to email on a few minutes' notice proves that the Defense was fully-aware and fully-informed about case 14cv1307 and the Complaint in that case. It shows that, the Defense, exactly as in *Dierschke*, "***chose to make a decision that he hadn't been served when, in fact, he had.***"[4]

---

[4] *Dierschke v. O'Cheskey*, 975 F.2d 181, 184-85 (5th Cir. 1992)

Regardless of whether Defense counsel knowingly misled in his Affirmation, or was himself misled to make untrue/inaccurate statements by his co-counsel, the effect on the pending "*Cross-Motion To Vacate Entry of Default*" is the same. This completely contradicts the excuses and claims of "good cause" made by the Defense. It is clear proof of both "***Willful Blindness***"[5] and a conscious and deliberate "*affirmative decision to remain in the dark*"[6] about this case in which they have Defaulted. It is the antithesis of "*good cause shown*".

Even if the Defense was without a copy of the Complaint at issue, it is clear that both Defense counsel had significant knowledge of the existence of a Complaint for 14cv1307, and more than enough reason and motivation for either or both to check the docket and make pointed inquiries about the status of case 14cv1307 from the day that they were employed by Defendant Forrest.

In sum, the Defense has knowingly and/or intentionally failed to fulfill their obligation to appear or respond, so "***there need be no other finding***", noting that courts "***apply essentially the same standard to motions to set aside a default and a judgment by default***".[7]

Dated: May 14th, 2014
PO Box 287048
New York, NY 10128

*/s/ James Fischer*

James Fischer

---

[5] Robinson v. Wix Filtration Corp., 599 F.3d (4th Cir. 2010)
[6] Id. at 403, 414
[7] Id. at 184



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
Pro Se Intake Unit



**To:** The Honorable <u>Judge Paul A. Engelmayer</u>

**From:** <u>S. Coretto,</u> Pro Se Intake Clerk, Docket Services, Ext. <u>1177</u>

**Date:** <u>5/14/2014</u>

### Re: Fischer v. Forrest  1:14-cv-01307-PAE

The attached document, which was received by this Office on <u>5/14/2014,</u> has been submitted to the Court for filing. The document is deficient as indicated below. Instead of docketing the document for public access, it has been docketed as a court-view only docket entry. I am forwarding it to you for your consideration. See Fed. R. Civ. P. 5(d)(2)(B), (4).

( )  No original signature.

( )  No Affirmation of Service/ Proof of Service.

(X)  **Other:** <u>Plaintiff submits Sur-Reply in support of document 28 Memorandum of Law. Please advise whether to file document or return to party.</u>

If you memo-endorse the filing, you do not need to return this memorandum to the Pro Se Office. Once your memo-endorsement is docketed and filed, all ECF users on the case will be notified.

In the alternative, please return this memorandum with the attached papers to this Office, indicating at the bottom what action should be taken.

(✓)  **ACCEPT FOR FILING**          ( )  **RETURN TO *PRO SE* LITIGANT**

Comments:

[Stamp: RECEIVED MAY 22 2014 PRO SE OFFICE]

*Paul A. Engelmayer*
United States District Judge
Dated: 5/21/14

United States Magistrate Judge
Dated: