Law Offices Of
# CAHN & CAHN, P.C.

22 High Street, Suite 3
Huntington, New York 11743

---

Daniel K. Cahn
dcahn@cahnlaw.com

Of Counsel:
Richard C. Cahn
rcahn@cahnlaw.com

Telephone: (631) 752-1600
Facsimile: (631) 752-1555
www.cahnlaw.com

May 27, 2014

***VIA ELECTRONIC CASE FILING (ECF)***

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *James H. Fischer v. Stephen T. Forrest*
             Docket No. 14cv1307 (PAE)

Dear Judge Engelmayer:

This firm represents the defendant Stephen T. Forrest in the above-captioned action and the related action, *Fischer v. Forrest,* 14cv1304.

The Affirmation in Supplement to Memorandum Opposing Defendant's Cross-Motion to Vacate Entry of Default filed by pro se plaintiff James H. Fischer on May 14, 2014 – which first appeared on the Court's docket sheet on May 23, 2014 – should be disregarded by the Court, as it essentially constitutes a sur-reply, which is not permitted under the Rules.

However, to the extent that the Court may consider the substance of Plaintiff's supplemental affirmation, I merely wish to note the irony of his submission. Mr. Fischer states that he recently learned on or after May 13, 2014 that – just as I previously advised him numerous times – the Complaint was <u>not</u> available on ECF/PACER on the afternoon of April 16, 2014.

Thus, Plaintiff is citing the fact that I was being truthful when I advised him by email on the afternoon of April 16, 2014 that I could not download the complaint from ECF – and that he was wrong when he accused me of lying – as proof that I knowingly made false representations to the Court. The only thing Plaintiff has proven by his immature outbursts and false aspersions cast upon opposing counsel, is that his credibility is completely lacking. Moreover, he has shown that he will stop at nothing, including abuse of process, to obtain victory.

Hon. Paul A. Engelmayer
May 27, 2014
Page 2

---

Moreover, Plaintiff's extraordinary efforts to obtain a judgment on default, and to avoid having to litigate on the merits, suggest that the complaint is completely lacking in merit.

The Court should, respectfully, disregard Plaintiff's supplemental affirmation in its entirety.

                                    Respectfully,

                                    */s/ Daniel K. Cahn*
                                    Daniel K. Cahn

DKC/

Cc:    James H. Fischer (via email james.fischer@gmail.com)
          Seth L. Hudson, Esq. (via email shudson@worldpatents.com)