UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
JAMES H. FISCHER,                           :
                                            :      14 Civ. 1307 (PAE)
                           Plaintiff,       :
                                            :      OPINION & ORDER
            -v-                             :
                                            :
STEPHEN T. FORREST,                         :
                                            :
                           Defendant.       :
                                            :
-------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

  James H. Fischer, proceeding *pro se*, moves for a default judgment in this action, the second of two nearly-identical actions that he filed against Stephen T. Forrest on a single day. Forrest cross-moves to vacate the Clerk of Court's entry of default. For the reasons that follow, Fischer's motion for default judgment is denied and Forrest's motion to vacate the entry of default is granted.

I.  **Background**

  On February 27, 2014, James H. Fischer, proceeding *pro se*, filed two actions against Stephen T. Forrest, both alleging, *inter alia*, copyright and Lanham Act violations. The first action was assigned to this Court; its claims are based on allegedly infringing content on Forrest's website. *Fischer v. Forrest*, No. 14 Civ. 1304 (PAE) (S.D.N.Y.) ("*Fischer I*"); *see id.* Dkt. 1 ("*Fischer I* Compl.") ¶ 21. The second action—this action—was originally assigned to the Honorable Andrew L. Carter; its claims are based on allegedly infringing content in Forrest's product catalogues. *Fischer v. Forrest*, No. 14 Civ. 1307 (PAE) (S.D.N.Y.) ("*Fischer II*"); *see id.* Dkt. 2 ("*Fischer II* Compl.") ¶ 20.

The factual allegations in the two complaints are virtually identical, apart from minor variations in wording and a few differences based on the fact that the complaints are directed, respectively, to a website and a brochure.  For example, paragraph 16 in the *Fischer I* complaint, which concerns materials other than brochures that plaintiff created to market his product, has no analogue in *Fischer II*.[1]

The two complaints also bring substantially similar causes of action.  *Fischer I* brings eight: for (1) copyright infringement, (2) removal of copyright management information, (3) use of a counterfeit mark in violation of the Lanham Act, (4) unfair competition under the Lanham Act, (5) trademark infringement under the Lanham Act, (6) breach of contract, (7) unfair business practices under New York law, and (8) unjust enrichment.[2]  *Fischer I* Compl. ¶¶ 26–62. *Fischer II* brings six of these causes of action, this time based on the content in Forrest's product catalogues; it does not include *Fischer I*'s third cause of action, for use of a counterfeit mark in violation of the Lanham Act, or its fifth cause of action, for trademark infringement under the Lanham Act.  *Fischer II* Compl. ¶¶ 22–50.

On March 6, 2014, Forrest was served with the summons and complaint in both cases; his answers were due March 27, 2014.  *Fischer I*, Dkt. 4; *Fischer II*, Dkt. 4.  On March 12, 2014, Fischer filed a Related Case Statement, stating that *Fischer I* and *Fischer II* were related because

---

[1] Relatedly, in *Fischer I*, paragraph 21 sets out four examples of allegedly infringing text on Forrest's website; in *Fischer II*, it is paragraph 20 that sets out such examples for Forrest's product catalogues.  Paragraphs 22 through 24 in *Fischer I*, concerning Fischer's trademarks and their alleged use on Forrest's website, lack analogues in *Fischer II*.

[2] The *Fischer I* complaint is numbered incorrectly: it has a fifth cause of action, and a seventh, but no sixth.  When referencing the *Fischer I* complaint, the Court renumbers the causes of action to correct this error.

"[t]he cases share the same plaintiff and defendant, and address related claims and subject matter." *Fischer II*, Dkt. 3.

On March 26, 2014, Forrest requested a 30-day extension to answer the complaint in *Fischer I*, and the Court granted him a two-week extension. *Fischer I*, Dkt. 3. Forrest did not request an extension and did not timely file an answer in *Fischer II*. On March 31, 2014, Fischer obtained a Clerk's Certificate of Default in *Fischer II*, and within short order he moved for a default judgment and filed a memorandum of law in support. *Fischer II*, Dkt. 5–7. On April 7, 2014, this Court accepted *Fischer II* as related to *Fischer I*. *Id.* Dkt. 11.

On April 10, 2014, Forrest moved to dismiss the Complaint in *Fisher I*. *Fischer I*, Dkt. 6. On April 11, 2014, the Court issued an order in which it observed that, in *Fischer I*, Forrest had appeared and filed a motion to dismiss, whereas in *Fischer II*, Forrest had not appeared or answered, and Fischer had obtained a Clerk's Certificate of Default and moved for a default judgment. *Fischer I*, Dkt. 12; *Fischer II*, Dkt. 11. The Court therefore directed Forrest to appear in *Fischer II*. *Fischer I*, Dkt. 12; *Fischer II*, Dkt. 11. On April 17, 2014, Forrest did so. *Fischer II*, Dkt. 12. On April 25, 2014, Forrest moved to vacate the entry of default. *Id.* Dkt. 19–21. On April 28, 2014, Forrest filed corrected motion papers, *id.* Dkt. 22–25, including a corrected memorandum of law, *id.* Dkt. 24 ("Forrest Br."). On May 2, 2014, Fischer filed an opposition to Forrest's motion to vacate the entry of default. *Id.* Dkt. 28 ("Fischer Br."). On May 12, 2014, Forrest replied. *Id.* Dkt. 30 ("Forrest Reply Br."). On May 14, 2014, Fischer filed an affidavit supplementing his opposition, to which Forrest objected. *Id.* Dkt. 33–34. On May 27, 2014, Fischer filed an Amended Complaint in *Fischer I*. *Fischer I*, Dkt. 23.

## II.     Applicable Legal Standards

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  "Rule 55(c) does not define 'good cause,' but the Second Circuit has instructed district courts 'to consider three criteria in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense.'"  *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12 Civ. 0052 (JPO), 2013 WL 1809637, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting *Peterson v. Syracuse Police Dep't.*, 467 F. App'x 31, 33 (2d Cir. 2012)); *accord Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

"In this circuit, there is a strong 'preference for resolving disputes on the merits.'"  *Murray*, 2013 WL 1809637, at *3 (quoting *Enron*, 10 F.3d at 95).  Default procedures "provide a useful remedy when a litigant is confronted by an obstructionist adversary," but "an understandable zeal for a tidy, reduced calendar of cases should not overcome a court's duty to do justice in the particular case" and "afford[ ] litigants a reasonable chance to be heard."  *Enron*, 10 F.3d at 96.  "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  *Id.*  Good cause "should be construed generously."  *Id.*  Defaults "are particularly disfavored by the law when substantial rights are implicated, or when substantial sums of money are demanded."  *Id.* at 97 (citations omitted).

4

### III. Discussion

#### A. Willfulness

"The Second Circuit has 'interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless.'" *Murray*, 2013 WL 1809637, at *4 (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). "[T]he court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id.* (citing *McNulty*, 137 F.3d at 738). Even gross negligence does not lead to a finding of willfulness. *See Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("In this case, the parties agree that Eagle's failure to answer the complaint was due to a filing mistake by its in-house counsel's clerk. . . . The misfiling went unnoticed for two months. Such conduct, though grossly negligent, as the District Judge found, was not willful, deliberate, or evidence of bad faith, though it weighs somewhat against granting relief.").

The default here was plainly not willful. Forrest's New York counsel, Daniel K. Cahn, Esq., has attested, under penalty of perjury, that he and Forrest's North Carolina counsel, Seth Hudson, Esq., were not "aware that Plaintiff had actually filed a second action" until the Court brought the matter to counsel's attention. Dkt. 23 ("Cahn Aff.") ¶ 3. Instead, Cahn attests, "I believed at the time [that] the *pro se* Plaintiff had inadvertently filed a second action asserting six identical claims as those asserted in the earlier action, but had intended to prosecute only one action." *Id.* ¶ 4. Despite Fischer's protestations, the Court finds no non-speculative reason to doubt Cahn's representation to the Court. Cahn's representation that he believed *Fischer II* was an inadvertent filing is, in fact, a much more plausible version of events than Fischer's claim that Forrest defaulted strategically. Fischer's allegation of strategic default lacks a critical element: motive. Forrest timely filed a 23-page motion to dismiss in *Fischer I*. *Fischer I*, Dkt. 14. There

would be no sense, and little to gain, in spending hours moving to dismiss one complaint while risking a default judgment by ignoring an almost identical complaint which competent counsel could have moved to dismiss with a modicum of additional effort. The fair inference is that Cahn ignored the complaint in *Fischer II* because he believed that it had been inadvertently filed and that *Fischer I* comprised the entirety of the dispute between the parties. Such confusion would not be unreasonable. The Court can attest that its own law clerk was puzzled when he initially inspected the two complaints and attempted to divine the difference between them. And as an able practicing lawyer would recognize, the allegations in *Fischer II* could have been, and indeed should have been, included in *Fischer I*. Defendant's default is, of course, not commendable, and the Court expects that defense counsel will be more careful and diligent in the future. But, far from willful, defense counsel's error was understandable.

### B. Prejudice to the Plaintiff

"Prejudice to the nondefaulting party is 'the single most persuasive reason for denying a Rule 55(c) motion.'" *Murray*, 2013 WL 1809637, at *5 (quoting 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2699 (3d ed. 2010)). Fischer has argued that, if the Court vacates the certificate of default, his prosecution of this action will be delayed, prejudicing his efforts to stop Forrest's allegedly infringing conduct. Fischer Br. 8–9. However, "it is well established that 'delay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Murray*, 2013 WL 1809637, at *5 (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Fischer has made no such showing, and the Court does not independently find any

6

reason to conclude that Fischer would be meaningfully prejudiced by having this action litigated on the merits.[3]

### C. Meritorious Defense

"'A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.'" *Id.* at *6 (quoting *Enron*, 10 F.3d at 98). Upon review of Forrest's motion to dismiss in *Fischer I*, the Court concludes that Forrest has potentially meritorious legal defenses to one or more of Fischer's claims, including that the allegedly infringing text constituted short phrases not protected by copyright law and that the original complaint did not plead the existence of a contract with particularity.

In sum, the Court finds that Forrest's default was not willful, that he has meritorious defenses, and that granting his motion to vacate the certificate of default would not prejudice Fischer. Therefore, having considered all the relevant factors, the Court concludes that Forrest has more than adequately demonstrated "good cause" to set aside the entry of default pursuant to Rule 55(c).

---

[3] Even if delay were a sufficient basis for establishing prejudice, little delay resulted from Forrest's failure to timely answer. Forrest's answer was due March 27, 2014. The Court alerted Forrest to the existence of *Fischer II* on April 11, 2014. Forrest appeared in *Fischer II* on April 17, 2014 and moved to vacate the entry of default on April 25, 2014. If Fischer had not moved for a judgment of default, the Court expects that Forrest would have taken about as long to answer or move to dismiss as he took to move to vacate the entry of default. In other words, Forrest's default delayed this case by about a month, from March 27, 2014 to April 25, 2014. By contrast, Fischer's decision to litigate the issue of default, rather than to graciously allow a late answer and litigate this case on the merits, has delayed this case by substantially longer than a month, from April 25, 2014 until today.

## CONCLUSION

For the foregoing reasons, the Court denies Fischer's motion for default judgment and grants Forrest's motion to vacate the Clerk of Court's entry of default. The Court directs the parties to meet and confer and to submit, by June 20, 2014, a joint letter proposing next steps, which should be coordinated, for the purpose of judicial economy, with the ongoing litigation in *Fischer I*.

The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 6, 14, 19, and 22.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: June 13, 2014
       New York, New York

8