**MEMO ENDORSED**

LAW OFFICES OF
# CAHN & CAHN, P.C.

22 HIGH STREET, SUITE 3
HUNTINGTON, NEW YORK 11743

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/19/2014

DANIEL K. CAHN
dcahn@cahnlaw.com

Of Counsel:
RICHARD C. CAHN
rcahn@cahnlaw.com

TELEPHONE: (631) 752-1600
FACSIMILE: (631) 752-1555
www.cahnlaw.com

June 18, 2014

*VIA ELECTRONIC CASE FILING (ECF)*

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *James H. Fischer v. Stephen T. Forrest*
      Docket No. 14cv1307 (PAE)

Dear Judge Engelmayer:

We are in receipt of your Honor's Order dated 6/13/14 which posted to ECF on 6/16/14, in which the parties were directed to "meet and confer" about the proceedings in both related cases by Friday 6/20.

I am currently out of state in Florida and will be away the remainder of this week, returning to the office on Monday 6/23. Mr. Fischer is aware of this fact as I advised him prior to my departure that I would be away 6/13 to 6/20 inclusive.

I have attempted to confer by way of email correspondence with Mr. Fischer over the past 3 days, but it is proving very difficult logistically to come to terms on a stipulation, particularly because I have proposed several different scenarios that would streamline the proceedings in both related actions, but Mr. Fischer refuses to be reasonable. For example, I proposed a stipulation that would require defendant(s) to file one motion to dismiss addressed to both actions, and, if the motion is denied, then consolidating all discovery proceedings both actions, but Mr. Fischer refuses to agree to any reasonable arrangement (e.g., refusing to extend our deadline to file the motion to the date on which we would have to respond to the complaint in Fischer II; advising us that defendant is not entitled to any discovery whatsoever; and advising that plaintiff will not sit for a deposition. These are, of course, completely unreasonable demands, and to make matters worse, Mr. Fischer continues to disparage and insult both my

LAW OFFICES OF
CAHN & CAHN, P.C.

client and myself in his communications. I do not want to get the court involved in this dispute but would be glad to forward the correspondence referred to if requested.

Due to my absence from the office this week, I respectfully request that the deadline to meet and confer be extended to 6/27 so that I may telephone Mr. Fischer from my office and try to resolve some of these issues.

Thank you for your consideration of this request.

Respectfully,

*/s/ Daniel K. Cahn*
Daniel K. Cahn

DKC/

Cc:     James H. Fischer (via email james.fischer@gmail.com)

The Court hereby informs the parties that, in the interests of judicial economy, it is inclined to consolidate these two cases, 14 Civ. 1304 and 14 Civ. 1307. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte.* Rule 42(a) provides that consolidation is acceptable '[w]hen actions involving a common question of law or fact are pending before the court.' Fed. R. Civ. P. 42(a). The Rule should be prudently employed as a valuable and important tool of judicial administration.").

The Court directs each party to inform the Court, by June 27, 2014, whether, and on what basis, it has any objection to such an order. *See id.* ("In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy. However, under the applicable law, efficiency cannot be permitted to prevail at the expense of justice— consolidation should be considered when savings of expense and gains of efficiency can be accomplished without sacrifice of justice.") (citations omitted).

If the cases are consolidated, the actions will proceed under docket number 14 Civ. 1304 (the "lead case"), the action assigned docket number 14 Civ. 1307 shall be administratively closed, plaintiff will have 30 days to amend his complaint in 14 Civ. 1304 to incorporate the allegations originally made in 14 Civ. 1307, and defendants will then answer or move to dismiss that amended complaint.

The parties are, at least for the present time, relieved of their obligation to meet and confer concerning the scheduling of this action.

**SO ORDERED:**

*Paul A. Engelmayer*                6/19/2014

**HON. PAUL A. ENGELMAYER**
**UNITED STATES DISTRICT JUDGE**