LAW OFFICES OF
# CAHN & CAHN, P.C.

22 HIGH STREET, SUITE 3
HUNTINGTON, NEW YORK 11743

DANIEL K. CAHN
dcahn@cahnlaw.com

TELEPHONE: (631) 752-1600
FACSIMILE: (631) 752-1555
www.cahnlaw.com

Of Counsel:
RICHARD C. CAHN
rcahn@cahnlaw.com

June 30, 2014

*VIA ELECTRONIC CASE FILING (ECF)*

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

>   Re:   *James H. Fischer v. Stephen T. Forrest, et al.*
>         Docket No. 14cv1304 (PAE)
>
>   – and –
>
>   *James H. Fischer v. Stephen T. Forrest*
>   Docket No. 14cv1307 (PAE)

Dear Judge Engelmayer:

This firm represents the Defendant(s) in both of the above-captioned actions.

Defendants will not respond to the irrelevant, offensive, and often incoherent arguments contained in Plaintiff's 8-page letter which posted to ECF today.

Contrary to Plaintiff's arguments, he would not be prejudiced in any way by consolidation of the two cases. Plaintiff's argument that consolidation would somehow limit or restrict his ability to collect damages is not only incorrect on the law, but seriously lacks credibility in light of Plaintiff's own admission that he cannot prove actual damages and that attempting to do so would be "an absolute worst-case-nightmare scenario" (*see,* Fischer letter at p. 8).

Assuming the *Arista v. LimeWire* case quoted but not cited by Plaintiff is accurately quoted, it is doubtful that the Court would have limited copyright owners to a single damages award for each work infringed, even where the work is infringed multiple times, while at the same time allowing such plaintiffs to evade the rule simply by filing multiple, virtually identical complaints in the

LAW OFFICES OF
CAHN & CAHN, P.C.

Hon. Paul A. Engelmayer
June 30, 2014
Page 2

---

same court.  Since Plaintiff has agreed to consolidate all discovery proceedings, there is no legitimate basis on which to allow the cases to proceed separately.

It is respectfully submitted that Plaintiff should file a Second Amended Complaint which includes all of his claims in a single pleading, and Defendants should be permitted to answer or move to dismiss all of Plaintiff's claims in the lead case, 14cv1304.

Additionally, we wish to note for the record that we interpret the Court's Order dated June 19, 2014 (which directed the parties to inform the Court no later than June 27, 2014 of any objections to consolidation of the two cases under Docket No. 14cv1304), as having temporarily tolled the Defendants' deadline to answer or move to dismiss the complaints in both actions, pending the Court's determination whether to consolidate the two actions pursuant to Rule 42(a).

If the Court decides to consolidate the two actions, then Defendants will proceed according to the procedure set forth in the Court's Order dated June 19, 2014.

If the Court declines to consolidate the two actions, then we respectfully request a reasonable period of time after issuance of the Court's determination within which Defendants may answer or move to dismiss both cases separately.  Thank you.

            Respectfully,

            */s/ Daniel K. Cahn*
            Daniel K. Cahn (DC9791)

DKC/

Cc: James H. Fischer (via email james.fischer@gmail.com)