USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/2/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JAMES H. FISCHER,

                            Plaintiff,

-v-

STEPHEN T. FORREST, SANDRA F. FORREST,

                            Defendants.

------------------------------------------------------------X

14 Civ. 1304 (PAE)
14 Civ. 1307 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On June 19, 2014, the Court stated that, in the interests of judicial economy, it was inclined to consolidate these two cases, 14 Civ. 1304 (*Fischer I*) and 14 Civ. 1307 (*Fischer II*), and directed the parties to inform the Court, by June 27, 2014, whether they objected. *Fischer I*, Dkt. 37. On June 27, 2014, the *pro se* plaintiff stated that he did object, principally because he believed that consolidation would reduce the number of statutory damage awards he could obtain under the Copyright Act. *Fischer II*, Dkt. 41 (citing 17 U.S.C. § 504 and *Arista Records LLC v. Lime Grp. LLC*, No. 06 Civ. 5936 (KMW), 2011 WL 1338194, at *3 (S.D.N.Y. Apr. 7, 2011)). Plaintiff reads *Arista Records* to allow a copyright holder to obtain separate awards for direct and contributory infringement, but only if he brings separate actions. On June 30, 2014, defendants responded, stating that plaintiff's reading of the law was "doubtful," but not citing any law to the contrary. *Fischer II*, Dkt. 42.

Although plaintiff's reading of the law would work an odd result, that does not make it wrong. *See Teevee Toons, Inc. v. MP3.com, Inc.*, 134 F. Supp. 2d 546, 548 (S.D.N.Y. 2001) (noting "the copyright law's unusual approach to statutory damages"). At this preliminary stage,

1

and without full briefing, the Court does not see a need to resolve this legal issue. The purpose of consolidation is to achieve judicial economy. To avoid the risk of prejudice, the Court will not, at this time, consolidate these cases, but it will ensure that these two related cases are dealt with efficiently and in concert. Because the parties have been unable to agree on a schedule, *see Fischer II*, Dkt. 36, the Court sets the following schedule.

By July 9, 2014, defendants shall answer or move to dismiss the Amended Complaint in *Fischer I* and answer or move to dismiss the Complaint in *Fischer II*. If defendants move to dismiss both pleadings, they shall file a single memorandum of law directed at both pleadings and plaintiff shall, by, July 30, 2014, either (1) file an amended complaint in *Fischer II*, and take no action in *Fischer II* until directed to do so by the Court, or (2) oppose the motions to dismiss in *Fischer I* and *Fischer II*, in a single memorandum of law. If plaintiff opposes the anticipated motions to dismiss, defendants' reply will be due August 6, 2014.

The purpose of this schedule is to put these two cases, which are currently at different stages, on a coordinated schedule. While the Court is open to joint requests for modifications to this schedule, the Court is unlikely to grant any requests for modifications that would undo the Court's effort to put these cases on a coordinated schedule.

Finally, the Court notes that the parties' filings have too often included *ad hominem* attacks. The Court does not look kindly on such behavior. Each party should be aware that such comments do not further its cause with the Court. The Court admonishes the parties to cease such behavior, to confine their communications with the Court to matters of substance, and to work together civilly.

The Court will mail this order to the *pro se* plaintiff.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: July 2, 2014
      New York, New York

3