UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x      Docket No. 14 CV 1307
JAMES H. FISCHER,                                                        (Engelmayer, J.)

                Plaintiff,

  -- against --

STEPHEN T. FORREST, JR. and SANDRA
FORREST,

                Defendant.
------------------------------------------------------------------x


# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
# OF MOTION TO DISMISS AMENDED COMPLAINT


                LAW OFFICES OF CAHN & CAHN, P.C.
                *Attorneys for Defendant*
                Office and P.O. Address
                22 High Street, Suite #3
                Huntington, NY 11743
                (631) 752-1600

# **TABLE OF CONTENTS**

Preliminary Statement ................................................................................................................1

Standard of Review on Rule 12(b)(6) Motion to Dismiss..........................................................1

Plaintiff's Amended Complaint in 14cv1307 Does Not Assert any State Law Claims ..................2

Plaintiff Insufficiently Pleads Secondary Copyright Infringement ................................................3

Plaintiff's Phrases Are Not Protectable Under U.S. Copyright Law..............................................3

Plaintiff Fails to Properly Plead and Allege a Legally
Cognizable Claim for Copyright Infringement ..............................................................................5

Plaintiff Fails to Properly Allege Defendant Removed
Copyright Management Information............................................................................................11

Conclusion....................................................................................................................................1

# **TABLE OF AUTHORITIES**

1. *Arista Records, Inc. v. Mp3Board, Inc.*, 2002 WL 1997918 (S.D. N.Y. 2002) .................................................................................................................. 3

2. *Artist Music Inc. v. Reed Publ'g USA, Inc.*, No. 93 Civ. 3428(JFK), 1994 WL 191643, at *5 (S.D.N.Y. May 17, 1994) ............................................................ 9

3. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (May 18, 2009) ............................................................................................................. 2

4. *Banff Ltd. v. Limited, Inc.*, 869 F.Supp. 1103, 1109 (S.D.N.Y.1994) .............................. 10

5. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ..................................................................................................... 2

6. *Calloway v. The Marvel Entertainment Group*, 1983 WL 1141, *3 (S.D.N.Y. 1983) ............................................................................................................. 5

7. *Conan Properties, Inc. v. Mattel, Inc.*, 601 F.Supp. 1179, 1182 (S.D.N.Y. 1984) .............................................................................................................................. 8

8. *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996) .............................. 9

9. *Demetriades v. Kaufmann*, 690 F.Supp. 289, 292 (S.D.N.Y.1988) ............................. 10-11

10. *Duncan v. AT&T Communications, Inc.*, 668 F.Supp. 232, 234 (S.D.N.Y. 1987) ............................................................................................................................. 9

11. *Feist Publ'ns v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ......................................... 3

12. *Fortnightly Corp. v. United Artists Television, Inc.*, 392 U.S. 390, 396–97, 88 S.Ct. 2084, 20 L.Ed.2d 1176) ................................................................................. 11

13. *Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F.Supp. 1, 4 (S.D.N.Y. 1991) ............................................................................................................. 5

14. *Gee v CBS, Inc.*, 471 F.Supp. 600, 643 (E.D.Pa.), *aff'd*, 612 F.2d 572 (3d Cir. 1979) ....................................................................................................................... 5

15. *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971) ................................................................................. 10-11

| | | |
|---|---|---:|
| 16. | *Holsey v. Collins,* 90 F.R.D. 122, 128 (D.Md.1981) | 1 |
| 17. | *IQ Group, Ltd. v. Wiesner Pub., LLC*, 409 F.Supp.2d 587, 596 (D.N.J. 2006) | 12-13 |
| 18. | *Jeffrey v. Malcolm,* 353 F.Supp. 395, 399 (S.D.N.Y.1973) | 1-2 |
| 19. | *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) | 4, 8 |
| 20. | *Marvullo v. Gruner & Juhr*, 105 F.Supp2d 225, 230 (S.D.N.Y. 2000) | 1 |
| 21. | *Novelty, Inc. v. Mountain View Marketing,* 2008 WL 2954984 (S.D. Ind., July 29, 2008) | 7 |
| 22. | *Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir. 1992) | 3 |
| 23. | *Salinger v. Random House, Inc.*, 811 F.2d 90, 98 (2d Cir.) *reh'g denied,* 818 F.2d 252 (2d Cir.), *cert. denied,* 484 U.S. 890, 108 S.Ct. 213, 98 L.Ed.2d 177 (1987) | 4 |
| 24. | *Shapiro, Bernstein & Co. v. H.L. Green Co.,* 316 F.2d 304, 307 (2d Cir.1963) | 9 |
| 25. | *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.,* 118 F.3d 955, 971 (2d Cir.1997) | 9 |
| 26. | *Software for Moving, Inc. v. Frid,* 09 CIV 4341 DLC, 2010 WL 2143670 (S.D.N.Y. May 27, 2010) | 2 |
| 27. | *Sony Corp. of Amer. v. Universal City Studios,* 464 U.S. 417, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984) | 3, 9, 10 |
| 28. | *Tegg Corp. v. Beckstrom Elec. Co.,* 2008 WL 2682602 (W.D. Pa. 2008) | 7 |
| 29. | *Williams v. Giglio,* 1989 WL 151251, *2 (S.D.N.Y.1989) | 1 |

## Preliminary Statement

This Memorandum of Law is respectfully submitted by the Defendant, Stephen T. Forrest, in support of this motion to dismiss the Amended Complaint in 14cv1307 filed on August 3, 2014, for failure to state claims upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Standard on Rule 12(b)(6) Motion to Dismiss

The standard on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is well known. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. This rule does not require detailed factual allegations, but a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. The Plaintiff must plead with some specificity those acts by defendant that are infringing. Broad sweeping allegations without supporting factual assertions have been held to be insufficient. *See Marvullo v. Gruner & Juhr*, 105 F.Supp2d 225, 230 (S.D.N.Y. 2000). Although the court reads *pro se* complaints as broadly as possible to find a valid claim, the complaint, nonetheless, must satisfy the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *Williams v. Giglio,* 1989 WL 151251, *2 (S.D.N.Y.1989); *Holsey v. Collins,* 90 F.R.D. 122, 128 (D.Md.1981); *Jeffrey v. Malcolm,* 353 F.Supp. 395, 399 (S.D.N.Y.1973).

A trial court considering a Rule 12(b)(6) motion accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the defendant's favor. To survive dismissal, a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level. In other words, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial

1

plausibility when the defendant pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Applying the facial plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Software for Moving, Inc. v. Frid*, 09 CIV 4341 DLC, 2010 WL 2143670 (S.D.N.Y. May 27, 2010) (internal quotations and citations omitted). Under the standard of facial plausibility, "factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While this standard does not impose a probability requirement on the plaintiff at the pleading stage, it does require that the plaintiff demonstrate something more than the mere possibility of recovery. *Id.* at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (May 18, 2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal citations omitted). In the instant case, Plaintiff's causes of action do not satisfy the facial plausibility standard required by *Twombly* nor the pleading standards as required by Rule 8 of the Federal Rules of Civil Procedure.

### Plaintiff's Amended Complaint in 14cv1307 Does Not Assert any State Law Claims

Because the Amended Complaint in 14cv1307 filed on August 4, 2014 omits the state law claims that were previously asserted in the original Complaint filed on February 27, 2014, this memorandum of Law addresses solely the federal claims asserted in the Amended Complaint. However, if Plaintiff intended to re-plead the same state law claims as were asserted in the original complaint but omitted them from the Amended Complaint in error, we

2

respectfully refer the Court to the Memorandum of Law in Support of Motion to Dismiss filed by Defendant(s) on July 9, 2014 (*see,* Document No. 32 in Case No. 14cv1304).

## Plaintiff Insufficiently Pleads Secondary Copyright Infringement

Plaintiff now alleges secondary copyright infringement in his first through fourth "complaints" of his amended complaint. Plaintiff appears to allege Defendants are responsible for secondary copyright infringement under vicarious or contributory copyright infringement theories. To establish liability for secondary copyright infringement, "a plaintiff must first prove that direct infringement of its works occurred by showing that it owned a valid copyright and unauthorized infringement of its protected material occurred." *Arista Records, Inc. v. Mp3Board, Inc.*, 2002 WL 1997918 (S.D. N.Y. 2002). *See also Sony Corp. of Amer. v. Universal City Studios*, 464 U.S. 417, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984); *Feist Publ'ns v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361; *Rogers v Koons*, 960 F.2d 301, 306 (2d Cir. 1992). Plaintiff has failed to show he owns a valid copyright because short phrases are not copyrightable and Plaintiff has failed to plead a legally cognizable claim for copyright infringement.

## Plaintiff's Phrases Are Not Protectable Under U.S. Copyright Law

Plaintiff's phrases are not protectable under U.S. Copyright law as claimed by Plaintiff. Plaintiff claims he has copyright protection for the following short phrases individually, as set forth in paragraph 59 of the Amended Complaint:

    a.) "Are you tired of your spouse making you sleep in the garage"?

    b.) "Are you tired of using a hazardous product on the bees you love"?

    c.) "A safe, gentle, and pleasant way to harvest your honey"

    d.) "A natural, non-toxic blend of oils and herbal extracts"

It is well known and clearly set forth by the U.S. Copyright Office that a "[c]opyright does not protect names, titles, slogans, or short phrases."[1] The general legal doctrine of *de minimis non curat lex* bars copyright protection where the material for which protection is claimed fails to embody a minimal quantum of creative authorship. 2 Patry on Copyright § 4:2 (March 2014). In applying the *de minimis* doctrine, the Copyright Office refuses registration for "[w]ords and short phrases such as names, titles, and slogan...." 2 Patry on Copyright § 4:2 (March 2014). Copyright protects a "sequence of creative expression" but not an ordinary phrase in isolation. *Salinger v. Random House, Inc.*, 811 F.2d 90, 98 (2d Cir.) *reh'g denied*, 818 F.2d 252 (2d Cir.), *cert. denied*, 484 U.S. 890, 108 S.Ct. 213, 98 L.Ed.2d 177 (1987).

Plaintiff's copyright registration indicates he does not have a copyright on each of these individual short phrases. Instead, the copyright registration describes the work as "text and images of Bee-Quick.com website." Additionally, the registration certificate indicates the copyright is for "text, photograph(s), compilation, editing, artwork." In accordance with copyright office policy, Mr. Fischer does not have a copyright on each individual phrase as he alleges. The registration submitted by Plaintiff is conclusive proof, and contrary to the allegations in the complaint that are against long standing legal principles of copyright law. Applying the holding of *Salinger* to the present case, Plaintiff presumably has a copyright registration for the editing of the "sequence of creative expression" found on the Bee-Quick website, but not these ordinary phrases in isolation as alleged.

---

[1] United States Copyright Office, What Does Copyright Protect?, available at http://www.copyright.gov/help/faq/faq-protect.html (last visited July 7, 2014).

Since the ordinary phrases as set forth in paragraph 59 of the Amended Complaint are not protectable in isolation and not the subject of the copyright registration as claimed by Plaintiff, Plaintiff's copyright allegations of copyright infringement fail as a matter of law.

### Plaintiff Fails to Properly Plead and Allege a Legally Cognizable Claim for Copyright Infringement

It is well settled law in this jurisdiction that "[a] properly plead copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (*citing Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F.Supp. 1,4 (S.D.N.Y. 1991); *Calloway v. The Marvel Entertainment Group*, 1983 WL 1141, *3 (S.D.N.Y. 1983); *Gee v CBS, Inc.*, 471 F.Supp. 600, 643 (E.D.Pa.), *aff'd*, 612 F.2d 572 (3d Cir. 1979). Plaintiff has failed properly satisfy elements 2, 3, and 4 for direct liability.

1. Plaintiff Fails to Allege Ownership of Federally Registered Copyrighted Works

Plaintiff has failed to satisfy elements 2 and 3 of *Kelly*. Plaintiff has not identified with specificity the works covered by the copyright registration and Plaintiff's allegations actually indicate the alleged copyrighted works are not covered by the registration certificate attached as Exhibit 4.

Plaintiff has produced a copyright registration as Exhibit 4 titled "text and images of Bee-Quick.com website" and the copyright registration indicates Plaintiff created the "text, photograph(s), compilation, editing, artwork" in the copyrighted works. However, Plaintiff has failed to include a copy of the text and images subject to the copyright registration.

5

Consequently, neither Defendants nor the Court have any notice of the allegedly infringing works covered under the copyright registration other than a vague description of "text and images of Bee-Quick.com website" and "text, photograph(s), compilation, editing, artwork." Additionally, in paragraph 38, Plaintiff admits he "created multiple derivative works of his copyrighted Works" and these derivative works were not covered by the copyright registration attached as Exhibit 4.

It cannot be determined from Plaintiff's Amended Complaint what, if any, of the unspecified, indeterminate "text" or "photograph(s)" or "compilation" or "editing" or "artwork" included is actually protected. Plaintiff's registration makes clear that not all, if any, of the alleged copyrighted works as claimed by Plaintiff are protected by the copyright registration. Plaintiff's attachment of the registration certificate to the Amended Complaint only heightens the insufficiency of his allegations. Indeed, the certificate renders Plaintiff's allegations of copyright infringement indecipherable.

The registration certificate makes clear that only a portion of the works submitted with the copyright application are protected by the registration, but those protected portions are entirely unknown. Specifically, the copyright registration indicates the copyright covers, among others, "editing." The Copyright Office defines "editing" as "consists of adding, revising, and/or deleting preexisting text."[2]  17 U.S.C. §103(b) states:

> "The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material."

---

[2] United States Copyright Office, Help: Author, available at http://www.copyright.gov/eco/help-author.html (last visited July 7, 2014).

6

Therefore, Plaintiff would have no exclusive right in this registration to preexisting material, and Plaintiff has failed to provide notice as to this preexisting material, and whether the preexisting material is the copyrighted works Plaintiff alleges were infringed in the Amended Complaint. Additionally, in paragraph 38, Plaintiff admits he "created multiple derivative works of his copyrighted Works" and these derivative works were not covered by the copyright registration attached as Exhibit 4. Plaintiff fails to allege he has a federal copyright registration on these derivative works. Pleading ownership of a copyright and then representing in a conclusory fashion that defendants have infringed the same, without sufficiently alleging what material is protected by the identified copyrights or how Defendants allegedly infringed them, is insufficient. *Tegg Corp. v. Beckstrom Elec. Co.*, 2008 WL 2682602 (W.D. Pa. 2008).

In *Tegg*, the plaintiff alleged infringement of eleven copyrights relating to its computer software system. *Id.* In addition to finding that plaintiff's allegations regarding ownership of the alleged copyrights were deficient under Rule 12(b)(1), the court also concluded that plaintiff had failed to state a claim for infringement under Rule 12(b)(6) because the plaintiff had failed to specify what software or components of the software were protected by its eleven copyright registrations, and what conduct of defendants had infringed each of the respective copyrights. *Id.* The court granted defendant's Rule 12(b)(6) motion because it simply "could not discern from the pleadings what original works of the plaintiff were protected by which of the registered copyrights or if the allegations of the Amended Complaint were sufficient to state a claim for infringement of said registered copyrights." *Id.* at *9.

Similarly, in *Novelty, Inc. v. Mountain View Marketing*, 2008 WL 2954984 (S.D. Ind., July 29, 2008), the Southern District of Indiana found that the plaintiff failed to state a claim for copyright infringement because it did not identify which of its allegedly original

7

products were protected by its registered copyrights, which of the defendants' products allegedly infringed upon those copyrights, and what conduct of the defendants had infringed those copyrights. *Id.* at *3. Because its complaint left defendants to guess at how its products infringed plaintiff's copyrights, the plaintiff failed to state a claim for copyright infringement. The court found the factual detail alleged was "so sketchy that the complaint does not provide the type of notice of the claim to which defendant is entitled under F.R.C.P. Rule 8." *Id.* (citation omitted).

The Copyright Act provides: "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Thus, "[i]n order to proceed in [a] copyright infringement action, plaintiff is required to comply with the statutory requirement that all copyrights be registered." *Conan Properties, Inc. v. Mattel, Inc.*, 601 F.Supp. 1179, 1182 (S.D.N.Y.1984) (citation omitted); *see also Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y.1992), *aff'd without op.*, 23 F.3d 398 (2d Cir.1994), *cert. denied*, 513 U.S. 950, 115 S.Ct. 365, 130 L.Ed.2d 318 (1994). Since Plaintiff does not have a registration for his derivative works, he cannot maintain a copyright infringement action as to these works, if they are in fact included in this complaint.

Plaintiff's copyright allegations are indecipherable and vague, thus failing to provide Defendants or the Court notice that the works alleged to have been infringed are actually the subject of a federal copyright registration. Plaintiff has failed to show he owns a copyright in the works asserted and the works are registered in accordance with the statute, as required by elements 2 and 3.

2. Plaintiff fails to plead a legally cognizable claim for vicarious liability

Since there is no direct copyright infringement, a claim for vicarious liability cannot stand. "[A] plaintiff must first prove that direct infringement of its works occurred by

8

showing that it owned a valid copyright and unauthorized infringement of its protected material occurred" to establish liability under a theory of vicarious or contributory infringement. *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 435, 104 S.Ct. 774 (1984). As set forth above, Plaintiff has failed to show direct copyright infringement and has failed to show he owns a valid copyright to the short phrases.

To establish vicarious liability, a plaintiff must show that the defendant had the "[1] right and ability to supervise [that] coalesced with [2] an obvious and direct financial interest in [3] the exploitation of copyrighted materials." *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir.1997) (citing *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir.1963)). In his Complaint, Plaintiff has failed to show Defendants had any right and ability to supervise The Honey Hole and C&T Bee Supply who are accused of direct copyright infringement. There is no parent/subsidiary relationship between Defendants and these companies as The Honey Hole and C&T Bee Supply merely sell Brushy Mountain Bee Farm, Inc.'s Natural Honey Harvester.

The complaint merely makes a conclusory allegation that "Defendants have a right to control their sub-dealers." (Compl. ¶ 57). There is absolutely no factual basis to support this conclusion. "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996). See also *Duncan v. AT&T Communications, Inc.*, 668 F.Supp. 232, 234 (S.D.N.Y. 1987).

It is well known that "[t]he mere fact that the [defendants] could have policed [the infringer] ... is insufficient to impose vicarious liability." *Artist Music Inc. v. Reed Publ'g USA, Inc.*, No. 93 Civ. 3428(JFK), 1994 WL 191643, at *5 (S.D.N.Y. May 17, 1994). Instead, "the

9

parties' paths must cross on a daily basis, and the character of this intersection must be such that the party against whom liability is sought is in a position to control the personnel and activities responsible for the direct infringement." *Banff Ltd. v. Limited, Inc.,* 869 F.Supp. 1103, 1109 (S.D.N.Y.1994). "Courts relying on this theory ... have emphasized that some degree of control or supervision ... is of crucial importance." *Demetriades v. Kaufmann,* 690 F.Supp. 289, 292 (S.D.N.Y.1988). Plaintiff has not alleged, nor can he allege, Defendants, Mr. and Mrs. Forrest, cross paths with The Honey Hole and C&T Bee Supply on a daily basis and maintain some degree of control or supervision over these two entities. Additionally, Plaintiff's self-serving Affidavit provides no support for his claims and is factually incorrect as Plaintiff is well aware Shane Gebauer is an employee of Brushy Mountain Bee Farm and not Defendants in this action. The affidavit offers no support whatsoever to Plaintiff's claims that Defendants have a right and duty to supervise The Honey Hole and C&T Bee Supply. As such, Plaintiffs vicarious liability claims are not factually plausible and fail as a matter of law.

### 3. Plaintiff fails to allege a legally cognizable claim for contributory copyright infringement

Since Plaintiff has failed to allege a claim for direct copyright infringement, his claim for contributory infringement cannot stand. Plaintiff claims Defendants "infringed contributorily by intentionally inducing and knowingly encouraging direct infringement by their sub-dealers." (Compl. ¶ 95). Participation for contributory infringement must be substantial and material. Participation sufficient to establish a claim of contributory infringement may not consist of merely providing the "means to accomplish an infringing activity ..." *Sony Corp. v. Universal City Studios, Inc.,* 464 U.S. 417, 435 n. 17, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984). The alleged contributory infringer must make more than a "mere quantitative contribution" to the primary infringement for liability to be imposed. *Gershwin Publishing Corp. v. Columbia Artists*

10

*Management, Inc.,* 443 F.2d 1159, 1162 (2d Cir.1971) (quoting *Fortnightly Corp. v. United Artists Television, Inc.,* 392 U.S. 390, 396–97, 88 S.Ct. 2084, 20 L.Ed.2d 1176). Participation in the infringement must be "substantial." *Demetriades v. Kaufmann,* 690 F.Supp. 289, 294 (S.D.N.Y.1988).

Plaintiff alleges "'The Honey Hole' and 'C&T Bee Supply' each copied Plaintiff's Works verbatim." (Compl. ¶ 50). Plaintiff conclusory states "[t]he sub-dealers were misled by Defendants' and induced and encouraged to unknowingly infringe by willful and knowing acts of Defendants." (Compl. ¶ 53). There is simply no allegation of a substantial and material participation in the alleged primary infringement. As such, Plaintiff has failed to pled a plausible claim for contributory infringement.

### Plaintiff Fails to Properly Allege Defendant Removed Copyright Management Information

Plaintiff's 5th through 8th "complaint" for removal of copyright management information is the epitome of a broad, sweeping allegation that does not come close to complying with Rule 8 or presenting a facially plausible claim. 17 U.S.C. § 1202 is part of the Digital Millennium Copyright Act ("DMCA") that protects the integrity of copyright management information (CMI) placed by a copyright's owner. Subsection (b), relied upon by Plaintiff in the Complaint, prohibits the intentional removal or alteration of CMI with reasonable grounds to know the removal or alteration will aid infringement.[3]

---

[3] "No person shall, without the authority of the copyright owner or the law— (1) intentionally remove or alter any copyright management information, (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. §1202(b).

11

Plaintiff claims Defendant "infringed upon Plaintiff's rights by ordering, overseeing, participating in, and approving of the verbatim display of Plaintiff's copyrighted Works to describe Defendants' cheap knock-off product" and "additionally ordering, overseeing, participating in, and approving of the intentional removal of all of Plaintiff's copyright notices from each of the infringed works." (Amend. Compl. ¶ 91). The copyright notices that Plaintiff claims were removed from the undefined copyrighted works does not fall within the definition of "copyright management information" ("CMI") of the DMCA.

Although the text of section 1202 appears to define CMI quite broadly, courts have interpreted it narrowly to only include "automated copyright management systems functioning within a computer network environment." *IQ Group, Ltd. v. Wiesner Pub., LLC*, 409 F.Supp.2d 587, 596 (D.N.J. 2006). The IQ Group court examined the legislative history and extrinsic sources and found that the "statute should be subject to a narrowing interpretation." *IQ Group, Ltd.*, 409 F.Supp.2d at 593. The IQ Group court explained:

> Congress intended the DMCA to modernize copyright protection as a response to the development of new technologies which both enabled new forms of copyright protection as well as new forms of copyright infringement. Traditionally, the rights of authors have been managed by people, who have controlled access and reproduction. Through scientific advances, we now have technological measures that can control access and reproduction of works, and thereby manage the rights of copyright owners and users. Section 1202 operates to protect copyright by protecting a key component of some of these technological measures. It should not be construed to cover copyright management performed by people, which is covered by the Copyright Act, as it preceded the DMCA; it should be construed to protect copyright management performed by the technological measures of automated systems.

*IQ Group, Ltd.*, 409 F.Supp.2d at 597.

In *IQ Group*, the plaintiff created and distributed advertisements for distribution by email that included a logo and a hyperlink that when clicked directed the recipient to the

12

plaintiff's website. *Id.* at 589. The defendant distributed those copyrighted advertisements, but first removed the plaintiff's logo and hyperlink. *Id.* The plaintiff sued defendant, for among other things, violation of the DMCA. *Id.* On a motion for summary judgment, the *IQ Group* court held in favor of defendant, finding that neither the logo nor the hyperlink fell within the definition of CMI because they did not function as a component of an automated copyright protection or management system. *Id.* at 597-598. There was no evidence that "an automated system would use the logo or hyperlink to manage copyrights, nor that the logo or hyperlink performed such a function." *Id.*

Plaintiff, in his complaint, does not pled that the copyright notice would function as a component of an automated copyright protection or management system. Plaintiff has not pled that an automated system would use the [copyright notice] to manage copyrights, nor that the [copyright notices] performed such a function, and as such, copyright notices are not CMI under the DMCA.

In addition to this cause of action failing to satisfy the requirements for a cause of action under 17 U.S.C. §1202 and facial plausibility standard, the Plaintiff only makes broad sweeping allegations without supporting factual assertions. Plaintiff has failed to define the "layout-ready artwork" serving as the basis for the claim, except to broadly define as brochures, flyers, and other sales materials. The use of "other sales materials" is imprecise, vague, and ambiguous. Plaintiff has not specifically alleged what "copies of the infringing works were distributed on Defendant's 2011 online ordering website...." and no copies of these alleged infringing works have been produced. Such imprecise, vague, and sweeping pleading does not comply with Rule 8, and thus, dismissal of this cause of action is the only appropriate action.

## Conclusion

For all of the foregoing reasons, the Plaintiff's Amended Complaint filed on August 3, 2014, and each and every cause of action contained therein, should be dismissed pursuant to FRCP 12(b)(6) for failure to state claims upon which relief can be granted.

Dated: August 25, 2014
Huntington, New York

LAW OFFICES OF CAHN & CAHN, P.C.
*Attorneys for Defendant*

By: /s/ *Daniel K. Cahn*
Daniel K. Cahn, Esq. (DC9791)
Office and P.O. Address
22 High Street, Suite #3
Huntington, NY 11743
(631) 752-1600

– and –

CLEMENTS BERNARD
*Co-counsel for Defendant*
Office and P.O. Address
1901 Roxborough Road, Suite 250
Charlotte, NC 28211
(704) 790-3600