UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x          Docket No. 14 CV 1307
JAMES H. FISCHER,                                                        (PAE)

                  Plaintiff,

   – against –

STEPHEN T. FORREST,

                 Defendant.
--------------------------------------------------------------x          Docket No. 14 CV 1304
JAMES H. FISCHER,                                                        (PAE)

                  Plaintiff,

   -- against --

STEPHEN T. FORREST and SANDRA F.
FORREST,

                 Defendants.
--------------------------------------------------------------x


### DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTIONS TO DISMISS AMENDED COMPLAINTS (14cv1304 and 14cv1307)


LAW OFFICES OF CAHN & CAHN, P.C.
*Attorneys for Defendant*
Office and P.O. Address
22 High Street, Suite #3
Huntington, NY 11743
(631) 752-1600

## <u>TABLE OF CONTENTS</u>

Preliminary Statement ..................................................................................................... 1

Defendants are Not Liable in Their Individual Capacities ............................................ 1

Plaintiff has Failed to Plead a Plausible Copyright Claim ........................................... 3

Plaintiff has Failed to Specify What Works are Covered by his Registration ............... 3

Short Phrases Are Not Copyrightable ......................................................................... 4

Defendants Did Not Offer For Sale a Counterfeit Mark as a Matter of Law ................ 5

Natural Honey Harvester and Bee-Quick are Not Remotely Similar ............................ 6

URL was Not Used for Same Goods ............................................................................ 6

Defendants Have Not Engaged in Trademark Infringement ......................................... 8

Conclusion .................................................................................................................. 10

**Preliminary Statement**

This Reply Memorandum of Law is respectfully submitted by the Defendant in

Case No. 14cv1307, Stephen T. Forrest, and by the Defendants in 14cv1304, Stephen T. Forrest,

Jr. and Sandra F. Forrest, in reply to the opposition filed by Plaintiff on August 25, 2014, and in

further support of their motion to dismiss the Amended Complaint in 14cv1304 (filed as

Document Nos. 51-53), and their motion to dismiss the Amended Complaint in 14cv1307 (filed

as Document Nos. 30-32), for failure to state claims upon which relief can be granted pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Argument**

I.      Defendants are Not Liable in Their Individual Capacities

Plaintiff has still failed to allege any causes of action against Stephen Forrest and Sandra

Forrest in their individual capacities.  Instead, the allegations set forth in the Amended

Complaints bolster Defendants' position they are not liable in their individual capacities.  In the

1304 Amended Complaint, Plaintiff, albeit reluctantly, agrees Defendants are not individually

liable, but liable under a piercing the corporate veil theory without any specifics as to why the

corporate veil should be pierced.   Throughout the lengthy Amended Complaints, Plaintiff

complains of the words and images found on the Brushy Mountain Bee Farm, Inc.'s website.

Plaintiff also attaches numerous documents as Exhibits attempting to evidence the acts

complained of.   These documents all involve Brushy Mountain Bee Farm, Inc., but Plaintiff

curiously does not name the corporate entity as a Defendant.  Instead, Plaintiff aims to harass

Mr. Forrest, and if that was not good enough, Plaintiff added his wife, Mrs. Forrest, as a

defendant in the Amended Complaints. It is textbook law that a stockholder's exercise of control

over a corporation does not create liability beyond the assets of that corporation.  *United States v.*

1

*Bestfoods*, 524 U.S. 51, 61-62 (1998).  It is cornerstone of American enterprise and judicial jurisprudence that a corporation is a separate and distinct entity from its shareholders.

Plaintiff alleges Defendants are principal shareholders of Brushy Mountain Bee Farm, Inc. (1304 Amend. Compl. ¶ 16; 1307 Amend. Compl. ¶¶ 7,8).  In his response, Plaintiff attempts to support naming Defendants in their individual capacities by claiming Defendants as sole shareholders of Brushy Mountain Bee Farm, Inc.  Defendants are not sole shareholders, and Plaintiff did not allege they were sole shareholders in his Amended Complaints.  As reasons for holding Defendants individually liable under a piercing the corporate veil theory, Plaintiff alleges Defendants perform the same duties as officers of any corporation-to work full-time, managing the operation, and appearing at events.  (1304 Amend. Compl. ¶ 16; 1307 Amend. Compl. ¶¶ 7,8).  These meager, conclusory allegations are insufficient to support a claim against Defendants.

"A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 228-29 (S.D.N.Y. 2000) (*quoting De Jesus v. Sears, Roebuck & Co, Inc.*, 87 F. 3d 65, 70 (2d Cir. 1996)).  Plaintiff has failed to plead any specific facts that would plausibly subject Mr. and Mrs. Forrest to liability individually.  The allegations and inferences Plaintiff asks the Court to draw are inconsistent with the documentary materials the Court can consider under Fed. R. Civ. P. 12(b)(6).  Instead, all allegations and the documentary evidence contained in the Amended Complaints mention alleged acts of the corporate entity, Brushy Mountain Bee Farm, Inc., and not any specific acts of the individual Defendants, exposing them to individual liability. Plaintiff's claims against the Defendants should be dismissed.

2

II.     Plaintiff Has Failed to Plead A Plausible Copyright Claim

        A.   Plaintiff Has Failed To Specify What Works Are Covered by His Registration

        Plaintiff has failed to specifically set forth what work is actually covered by his copyright registration despite having two chances to amend his Complaint to disclose the works submitted to the copyright office.   Instead, Plaintiff unconvincingly claims four, individual, uncopyrightable short phrases are the subject of his copyright registration.  Plaintiff has offered no proof, even though given two chances to correct this deficiency in his pleadings that the four short phrases he alleges Defendants infringed were the subject of the copyright registration certificate attached as Exhibit 4 to the 1304 Amended Complaint.

        It is evident Plaintiff did not attach the documents, because the work subject to the registration was not the four short phrases.  Appearing to concede this point, Plaintiff claims "even if lacking any certificate of registration, [Plaintiff] can still bring suit..." and "[s]uch works need not be registered to bring an infringement action."  (Response p. 11).  He continues these erroneous statements of law claiming "a certificate of registration is not required for each and every of Plaintiff's Complaints."  (Response p. 12).  As Defendants specifically pointed out in their Motions, the opposite is true.  A registration is a prerequisite to brining copyright infringement action.  The Copyright Act provides: "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Thus, "[i]n order to proceed in [a] copyright infringement action, plaintiff is required to comply with the statutory requirement that all copyrights be registered." *Conan Properties, Inc. v. Mattel, Inc.,* 601 F.Supp. 1179, 1182 (S.D.N.Y.1984) (citation omitted); *see also Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36

3

(S.D.N.Y.1992), *aff'd without op.,* 23 F.3d 398 (2d Cir.1994), *cert. denied,* 513 U.S. 950, 115

S.Ct. 365, 130 L.Ed.2d 318 (1994).

   Section 411(a) of the Copyright Act provides in relevant part that "no civil action

for infringement of the copyright in any United States work shall be instituted until

preregistration or registration of the copyright claim has been made in accordance with this title."

17 U.S.C. § 411.  The Supreme Court has held that this provision imposes a "precondition" to

filing a claim for copyright infringement.  *See Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154,

166 (2010).  Additionally, a new version or derivative work is a separate work which is

independently subject to the Section 411(a) registration requirement, even if the original work

was registered.  *See, e.g., Pearson Educ., Inc. v. Frances,* 2012 WL 2930218 (S.D.N.Y. 2012);

*SimplexGrinnell LP v. Integrated Systems & Power, Inc.,* 642 F.Supp.2d 206, 212 n.6 (S.D.N.Y.

2009).  Registration of the alleged infringed copyrights is a prerequisite to bringing an action,

and Plaintiff has failed to plead he has a registered copyright in the short phrases individually.

   B. <u>Short Phrases Are Not Copyrightable</u>

   Short phrases are uncopyrightable and entitled to no protection under the Federal

Statutes.  As aptly stated in *Salinger v. Random House, Inc.,* 811 F.2d 90, 98 (2d Cir.) *reh'g*

*denied,* 818 F.2d 252 (2d Cir.), *cert. denied,* 484 U.S. 890, 108 S.Ct. 213, 98 L.Ed.2d 177

(1987), copyright protects a "sequence of creative expression" but not an ordinary phrase in

isolation. In the Copyright Office's Circular 34, attached hereto as Exhibit A, the Copyright

Office clearly and unequivocally states in bold font that copyright protection is not available for

short phrases.  Circular 34 continues to state copyright protection is not available for short

advertising expressions.  Following the Copyright Office's policies, Courts have continually

refused to extend protection to short phrases.  *See* 37 C.F.R. § 202.1(a) (lisiting as examples of

materials not subject to copyright "[w]ords and short phrases such as names, titles, and slogans"); *Takeall v. Pepsico, Inc.*, 1993 WL 509876, at *8 (4th Cir. 1993)(holding that the slogan "You've got the right one, uh-huh" fails to evince the requisite degree of originality to entitle it to copyright protection and is a short expression of the sort that courts have uniformly held uncopyrightable"); *Narrell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989) ("Ordinary phrases are not entitled to copyright protection."). Clearly, the Courts and the Copyright Office agree that Plaintiff's short phrases are not entitled to copyright protection, and therefore, Plaintiff's copyright claims should be dismissed.

III.    Defendants Did Not Offer for Sale a Counterfeit Mark as a Matter of Law

To sustain a claim for counterfeiting, a plaintiff must allege that (a) the defendants intentionally used a "counterfeit" of plaintiff's registered mark in commerce, and (b) the defendant did so in connection with the same goods and services for which the genuine mark is registered. *See Louis Vuitton Malletier S.A. v. Haute Diggity Dog*, LLC, 507 F.3d 252, 269 (4th Cir. 2007); *Associated Gen. Contractors of Am. v. Stokes*, 2013 WL 1155512 (2013); *Carroll Shelby Licensing, Inc. v. Superperformance Int'l, Inc.*, 251 F.Supp.2d 983, 987 (D. Mass. 2002). Plaintiff claims Defendants created "multiple Counterfeit Marks." (1304 Amend. Compl. ¶ 130). The Lanham Act clearly defines a "counterfeit" mark as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127 (2013)(emphasis added); *see Louis Vuitton Malletier S.A.*, 507 F.3d at 269.

"Marks that resemble a registered trademark but differ by a couple of letters [or contain distinct names, stylizations, or designs] have been considered distinguishable enough to fall outside the Lanham Act's definition of counterfeit" as a matter of law. *Associated Gen. Contractors of Am.*, 2013 WL at *5 (*citing Montres Rolex, S.A. v. Snyder*, 718 F.2d 524, 532 (2d

Cir. 1983) (finding that the average purchaser would likely not find a "Bolivia" watch to be

substantially indistinguishable from a "Bulova" watch); *see Louis Vuitton Malletier S.A.*, 507

F.3d at 269; *Colgate-Palmolive Co. v. J.M.D. All-Star Import and Export, Inc.*, 486 F.Supp.2d

286, 288-89 (S.D.N.Y. 2007)("In general, marks that are similar to the registered mark, but differ

by two or more letters, are not likely to be considered counterfeit."); *Kelly-Brown v. Winfrey,*

*717 F.3d 295 (2d Cir. 2013)* (consumers interact with a magazine and website visually, and

would recognize the differences between [plaintiff's] mark and the defendants' representations…

from a cursory visual inspection).

### A. Natural Honey Harvester and Bee-Quick Are Not Remotely Similar

In the present case, Plaintiff owns a trademark for Bee-Quick for chemicals for

use in agriculture, except fungicides, herbicides, insecticides and parasiticides (Reg. No.

4019052).   Brushy Mountain Bee Farm, Inc. was selling a product named "NATURAL HONEY

HARVESTOR" and a frame fume pad with natural honey harvestor (*see* Exhibits 12 and 13 to

1304 Amended Complaint).  Plaintiff also claims Defendants were selling a product named

"Honey Harvesting Aid."  (1304 Amend. Compl. ¶ 129).  There are significant differences

between the products Brushy Mountain Bee Farm, Inc. was selling, as indicated in the exhibits to

Plaintiff's Amended Complaints, and Plaintiff's Bee-Quick trademark.  Additionally, the names

of Brushy Mountain Bee Farm, Inc.'s products- Natural Honey Harvestor and Honey Harvesting

Aid- and Plaintiff's trademark are not remotely similar, and certainly not a counterfeit of

Plaintiff's Bee-Quick Mark as alleged.

### B. URL Was Not Used for Same Goods

Plaintiff's trademark counterfeiting claim is also deficient because Plaintiff does not

assert Defendants use his trademark on the same goods and services for which the trademark is

registered.  In his response, Plaintiff claims Defendants engaged in counterfeiting by using

Plaintiff's trademark in a website URL as alleged in Exhibits 12 and 13 of the 1304 Amended

Complaint.  Exhibits 12 and 13 depict the Brushy Mountain Bee Farm, Inc. website for a frame

fume with pad, and Plaintiff alleges the URL includes Fishers-Bee-Quick within the URL.

     "A claim for trademark counterfeiting lies only against [a defendant's] counterfeit uses of

a mark on the same goods or services as are covered by the plaintiff's registration of that mark."

*Carroll Shelby Licensing, Inc.*, 251 F.Supp.2d at 987; *see, e.g., State of Idaho Potato Comm'n v.*

*G&T Terminal Packaging, Inc. et al.*, 425 F.3d 708 (9th Cir. 2005)(a mark is a "counterfeit" only

if the plaintiff's mark "was registered… for use on the same goods or services to which [the

defendant] applied the mark")(emphasis added); *Coach, Inc. v. Asis Pac. Trading Co., Inc.*, 676

F.Supp.2d 914 (C.D. Cal. 2009)(because Plaintiffs' "CC Design" mark was not registered for use

on sunglasses, the mark used by Defendant on its "CC" sunglasses "does not qualify as a

'counterfeit mark'"); *Timber Products Inspection, Inc. v. Coastal Container Corp.*, 827

F.Supp.2d 819 (W.D. Mich. 2011)(defendants' use of the mark for packaging solutions, such as

packaging supplies and returnable containers, could not be properly considered a "counterfeit" of

Plaintiff's mark, which was registered "for testing and grading of building materials"); *see also,*

J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 25:15 (4th

ed.1996)(The "definition of 'counterfeit' reaches only cases in which the counterfeit mark is

used in connection with the same goods or services as those for which the mark is registered on

the Principal Register and is in use").

     Plaintiff's mark Bee-Quick is registered for use in connection with "chemicals for use in

agriculture, except fungicides, herbicides, insecticides and parasiticides."  The product offered

by the alleged URLs site is very clearly described as a frame fume pad.  Plaintiff's own Exhibits

12 and 13 acknowledges the frame fume pad.  As such, the frame fume pad sold under Brushy Mountain Bee Farm, Inc.'s alleged URL is not the equivalent of the chemicals used in agriculture identified in the registration of Plaintiff's trademark.  The Court should dismiss Plaintiff's claim for relief based upon counterfeiting.

IV.    Defendants Have Not Engaged in Trademark Infringement

In order to prevail on a claim of trademark infringement, Plaintiff must "establish that the symbols in which this property right is asserted are valid, legally protectible trademarks; that they are owned by plaintiff; and that defendant's subsequent <u>use</u> of similar marks is likely to create confusion as to origin of the goods." *Pirone v. MacMillan, Inc.,* 894 F.2d 579, 581-82 (2d Cir.1990) (*citing Estate of Presley v. Russen,* 513 F.Supp. 1339, 1362 (D.N.J.1981), and cases cited therein)(emphasis added).  Plaintiff clarifies his position of trademark infringement in the response by claiming Defendants misappropriated Plaintiff's trademark and used it in their URLs. (Plaintiff. Resp. p. 35).  In the 1304 Amended Complaint, Plaintiff has included Exhibits 12 and 13 that claim to use "Fischers-Bee-Quick" in the URL for the sale of a frame fume pad. As shown in the Exhibits, "Fischers-Bee-Quick" is located in the post domain name path of Brushy Mountain Bee Farm, Inc.'s website.  Plaintiff fails to explain or cite any authority in his response that the use of "Fischers-Bee-Quick" in the post domain path of a URL constitutes trademark infringement.

In fact, the use of "Fischers-Bee-Quick" in a URL does not constitute use.  The Lanham Act provides that, in connection with goods, a trademark is "used in commerce" when the trademark **"is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their**

8

sale." 15 U.S.C. § 1127(1).  Trademark use ordinarily involves placing a trademark on goods or services to indicate the goods or services emanate from or are authorized by the owner of the mark.  *1–800 Contacts, Inc. v. WhenU.Com,* **414 F.3d 400 (2d Cir.2005),** *cert denied,* 546 U.S. 1033, 126 S.Ct. 749, 163 L.Ed.2d 573 (2005).  Brushy Mountain Bee Farm, Inc. did not place Plaintiff's trademark on goods, containers, displays, tags or on associated documents.  As such there is not use under the Lanham Act.

The Northern District of California has concurred that the use of a trademark in a post domain path does not constitute trademark infringement.  In *Patmont Motor Werks, Inc. v. Gateway Marine, Inc.,* 1997 WL 811770 (N.D. Cal. 1997), defendant used plaintiff's GO-PED trademark as part of a post domain path that identified a webpage idiosync.com/goped on its website.  The court found as a matter of law that the use of Go-Ped was not a trademark violation, because the mark was in a post domain path and not part of the website's domain name.  The technologically savvy Northern District of California court reasoned that a domain name may serve as a source identifier, but the post domain path following the domain name serves only an informational function, indicating organization of the website's data.

In another similar case, *Interactive Prods. Corp. v. A2Z Mobile Office Solutions, Inc.,* 195 F.Supp.2d 1024 (S.D. Ohio 2001), aff'd 326 F.3d 687 (6th Cir. 2003). Plaintiff owned a federally registered trademark for LAP TRAVELER.  Defendant sold the lap traveler on its website at the URL "a2zsolutions.com/desks/floor/laptraveler/dkfl-lt.htm" with the term laptraveler in the post domain path.  Defendant began selling a competitive product on its website, but at the same URL containing laptraveler in the post domain path, apparently because, they didn't change the URL when they began selling the competing product.  The court found that the use of the trademark in the post domain path of the URL did not constitute use.

9

As such, Plaintiff's allegations of trademark infringement against Defendants for Brushy Mountain Bee Farm, Inc.'s use of his trademark in a post domain path must be dismissed as a matter of law.

## Conclusion

For all of the foregoing reasons, the Plaintiff's Amended Complaints in 14cv1304 and 14cv1307, and each and every cause of action contained therein, should be dismissed pursuant to FRCP 12(b)(6) for failure to state claims upon which relief can be granted.

Dated:      October 6, 2014
            Huntington, New York

LAW OFFICES OF CAHN & CAHN, P.C.
*Attorneys for Defendant*

By:   */s/ Daniel K. Cahn*
       Daniel K. Cahn, Esq. (DC9791)
Office and P.O. Address
22 High Street, Suite #3
Huntington, NY 11743
(631) 752-1600

– and –

CLEMENTS BERNARD
*Co-counsel for Defendant*
Office and P.O. Address
1901 Roxborough Road, Suite 250
Charlotte, NC 28211
(704) 790-3600