LAW OFFICES OF

# CAHN & CAHN, P.C.

22 HIGH STREET, SUITE 3
HUNTINGTON, NEW YORK 11743

---

DANIEL K. CAHN
dcahn@cahnlaw.com

Of Counsel:
RICHARD C. CAHN
rcahn@cahnlaw.com

TELEPHONE: (631) 752-1600
FACSIMILE: (631) 752-1555
www.cahnlaw.com

April 16, 2015

*VIA ECF*

Hon. Henry B. Pitman
U.S. Magistrate Judge
U.S. Courthouse
500 Pearl Street - Courtroom 18A
New York, NY 10007-1312

      Re:    *Fischer v. Forrest et al.*
                  Docket Nos. 14cv1304 and 14cv1307

Dear Magistrate Judge Pitman:

We are co-counsel for the defendants Stephen Forrest, Sandra Forrest, and Shane Gebauer in both of the above-captioned cases.

In preparation for the conference presently scheduled for April 17, 2015 at 11:00am, this letter will present the issues as I understand them to be regarding discovery, and will also serve as a response to Mr. Fischer's letter filed on March 30, 2015.

On April 1, 2015, in an effort to comply with Rule 26, I transmitted the attached email to Mr. Fischer outlining the statutory requirements of a joint proposed discovery schedule which could be submitted to your Honor.

My issues have mainly been with procedure, not substance.  Mr. Fischer has demanded all sorts of information regarding the ownership of Brushy Mountain (a company, incidentally, that he did not name as a defendant), and information regarding the dates of transfer of various shares of the company.

Law Offices Of
CAHN & CAHN, P.C.

Hon. Henry B. Pitman
April 16, 2015
Page 2

---

As you can see in my April 1st email to Mr. Fischer, we do not have any specific objections – at this time – to any of the information Mr. Fischer is seeking to discover. Rather, we object to the unusual procedures that Mr. Fischer wishes to employ in obtaining that information. His letters and emails are replete with unilateral deadlines for production of various information and presumptions about our intentions, our good faith, and/or that we are simply delaying or stalling compliance with the statute and the Court's orders regarding discovery.

We have every intention of and have attempted in good faith to comply with the rules concerning the submission of a joint discovery plan. We are open to any deadlines the Court wishes to set for production of various types of discovery, but we want to ensure that the playing field is fair and that all parties – not just the defendants – comply with the rules concerning discovery, and that nobody sets his own rules.

Once Mr. Fischer and defendants' counsel have agreed on a discovery schedule, substantive issues concerning the content of discovery, and which demands may be objectionable, may be addressed in the parties' discovery responses.

We will certainly work in good faith with Mr. Fischer on all matters of scheduling, but we cannot promise to produce documents or information that may be irrelevant or objectionable on other grounds, much less produce them under deadlines unilaterally set by Mr. Fischer under threat of sanction.

We welcome any input or assistance the Court may wish to provide. Thank you.

             Respectfully,

             */s/ Daniel K. Cahn*

             Daniel K. Cahn (DC9791)

DKC/
Enclosures

Cc:  James Fischer (via email with consent: james.fischer@gmail.com)
   Seth L. Hudson, Esq. (via email: shudson@worldpatents.com)

## Daniel Cahn

| | |
|---|---|
| **From:** | Daniel Cahn |
| **Sent:** | Wednesday, April 01, 2015 10:47 AM |
| **To:** | 'James Fischer' |
| **Cc:** | 'Seth L. Hudson' |
| **Subject:** | Rule 26(f) conference & report |

Mr. Fischer-
Since you previously declined to conduct the Rule 26(f) conference by telephone and expressed a preference to conduct it through written correspondence, this email will serve as our draft proposal for submission of the required Rule 26(f) report. Please refer to Rule 26(f)(2) and (3) when you read this proposal, as they list precisely what topics must be covered in the Rule 26(f) report. Before I spend time writing up a formal report, we should agree on the form, at least in rough draft. I invite you to suggest changes as you deem necessary, and then we can decide together how best to proceed if there is a disagreement.

Rules 26(f)(2) sets out four requirements for the conference:

1. "...the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case".

    (a) <u>Nature and basis of claims and defenses</u>:    It is my opinion that we should use language from your complaint (a summarized version) to present the court with the basis of your claims in both actions. You can identify the allegedly infringing documents or web sites, etc. Similarly, we can use language from our Answers to demonstrate the basis of our defenses to one or more of your claims.

    (b) <u>Possibility for prompt settlement or resolution</u>:    Settlement discussions cannot begin unless you make a settlement demand. I do not believe you've made a formal demand yet (I do recall something about you wanting whatever the statutory damages provide for, but I don't think that qualifies as a settlement demand) - but if I am mistaken and you feel you did make a demand, please refresh my memory and re-send the demand. If you haven't made a demand yet but wish to do so, please email your demand(s) to me and Seth and we will promptly speak to the clients and the carrier and get back to you with a response or counteroffer as soon as possible.

2. "<u>Make or arrange for the disclosures required by Rule 26(a)(1)</u>":    I believe that we have both satisfied the requirements of Rule 26(a)(1), so all we need to do in the report is advise the court as such.

3. "<u>discuss any issues about preserving discoverable information</u>":    We have learned that the web site was at all pertinent times (i.e., during the time you allege the infringement occurred) maintained by a third party web site hosting company. We are advised that Information Technology (IT) personnel preserved everything that it was possible to preserve. We are prepared to disclose those preservation efforts to the court in the report. Obviously you will be free to formally demand any specific documents you wish when the parties serve formal document demands and/or interrogatories (per the discovery plan discussed in point #4 below).

    We would ask that you also take efforts (or demonstrate that you have taken such efforts) to preserve any documents or information that would be relevant to the two actions, particularly any information or documents that are in your exclusive control or possession and would not be in the possession of the defendants.

4. "<u>develop a proposed discovery plan</u>":    Please refer to Rule 26(a)(3):

    (A) "what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made":

1

I believe we have both satisfied the Rule 26(a) initial disclosure requirements and would propose that we simply state that fact and the date on which the disclosures were made.

(B) "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on specific issues":

This is self-explanatory as far as content – all parties list all of the items that they want in discovery here.

As far as when discovery should be completed, we would propose the following schedule (based on the court's scheduling order dated 2/10/15, which gave an end date for all fact discovery of 11/10/15):

Document demands, interrogatories, and deposition notices to be served by all parties on or before May 1, 2015;
a second round of demands (if necessary) served by all parties on or before July 1, 2015; depositions of all parties to be completed on or before September 1, 2015; any follow-up demands after the depositions to be served by all parties on or before October 1, 2015.

(C) "any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced"

This would be the place to address what web pages or other electronic information you are seeking in discovery, and we should decide in what form electronically stored information that we produce should take.

(D) "any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order"

Presently it is premature (in this rough draft) to talk about claims of privilege because we don't yet know exactly what documents or information you'll be seeking. For example, if you demand emails exchanged between the defendants and their attorneys, we would claim a privilege. Once we fill in the details of (B) above, we can address whether either party anticipates claiming any privilege.

(E) "what changes should be made in the limitations on discovery imposed under these rules or by local rule, and whatr other limitations should be imposed"

Once again, it is probably easier to address this point once we have filled in (B) above.

(F) "any orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)":

Again, it is difficult for either side to know what might be the subject of a protective order until we know what the other side is demanding. So we should fill out (B) above and then address this point after.

This is a good faith attempt to comply with the requirements of Rule 26(f). Please review and advise whether you agree with the general format of the report as outlined above, and if so, I will prepare a more formal report suitable for submission to the court, with our information filled in, and blanks left for you to fill in your information. Thank you.

Daniel K. Cahn, Esq.
Law Offices of Cahn & Cahn, P.C.
22 High Street, Suite #3
Huntington, NY 11743
(631) 752-1600 (ph)

2

(631) 752-1555 (fax)
dcahn@cahnlaw.com