Hon. Henry Pitman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/15
```

James Fischer
PO Box 287048
New York, NY 10128
May 5, 2015

Re: Fischer v. Forrest, Cases 14cv1304 and 14cv1307

Dear Judge Pitman:

The Pro-Se Unit states that pro-se litigants must seek judicial approval for document subpoenas.

I can find no rule or guidelines for such requests, so this letter is hoped to be sufficient.

I have spoken with:

a) The principal at Progress Printing, Defendants' catalog printer from 2013 to present

b) The editor of "Bee Culture" magazine, which published Plaintiff's ads (using his copyrighted Works) from spring 2000 onward.

c) The subpoena-response group at Amazon, Defendants' web hosting firm

While (a) and (b) are willing to provide the information requested, I would prefer to offer the assurance of legitimate purpose that a subpoena provides, as I would myself expect to see "something official" before disclosing customer-related information. Amazon flatly requires a subpoena as a prerequisite to any written response of any sort.

For (a), the request is to identify the person(s) who made the buying decision to change to Progress Printing from the prior printer, who sent Progress the camera-ready artwork, who signed off on the "proofs", and who had other interactions with Defendants and their employees. Number of copies printed and other mundane facts are also requested.

For (b), the request is for copies of Plaintiff's ads for the years 2000 – 2008, in the context of a dated page, so as to support Plaintiff's copyright-related claims, and also to satisfy one of the hundreds of broad document requests made by the Defense last week.

For (c) the request is for snapshots of the webpages at issue in this case, including pages where Plaintiff's copyrighted Works are infringed, pages where Plaintiff's trademark is infringed, and where Plaintiff's surname is used without permission. There also is a need for a 4th subpoena for the printer used prior to Progress Printing, as Defendants only started using Progress Printing for their 2013 catalog. Progress will likely know who printed Defendants' catalog before them.

I must ask if simple sworn statements will be sufficient from all those providing documents that will be submitted as evidence. I expect the Defense to stipulate to the acceptability of these documents without creating an undue burden on these third parties, and without turning them into unwilling "witnesses". If not, we will seek an order admitting these documents, as none of these parties are expected to have more than documents to offer. If they must take any exceptional steps, such as notarizing signatures, please advise, as the rules of evidence seem to be argued about more often than they are authoritatively stated.

Thank you for your time and attention,

*[Handwritten note:]* PLAINTIFF IS DIRECTED TO SUBMIT HIS PROPOSED SUBPOENAS TO MY CHAMBERS. I DO NOT PREPARE SUBPOENAS FOR THE PARTIES

[signature]

James Fischer
PO Box 287048
New York, NY 10128
917-628-4052
james.fischer@gmail.com

**SO ORDERED**

[signature]
HENRY PITMAN
UNITED STATES MAGISTRATE JUDGE
5-6-15

cc: pdf emailed to Daniel Cahn, Defendants' NY counsel <dcahn@cahnlaw.com>