UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JAMES H. FISCHER,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>STEPHEN T. FORREST, JR.<br>SANDRA F. FORREST,<br>SHANE R. GEBAUER, and BRUSHY<br>MOUNTAIN BEE FARM, INC.<br>　　　　　　　　　　　　Defendants. | CIVIL ACTION NO.: 14-CV-1307<br><br><br>**DEFENDANTS' STEPHEN T. FORREST JR. AND SANDRA F. FORREST'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |

　　　Defendants Stephen T. Forrest, Jr. and Sandra A. Forrest (collectively "Forrests") hereby respond to the allegations contained in the respectively numbered paragraphs of the Third Amended Complaint filed in this action by Plaintiff James H. Fischer, as set forth below:

**PRELIMINARY STATEMENT**

1. It is admitted Plaintiff has alleged claims for secondary copyright infringements and DMCA violations in his Amended Complaint, but denied any legally cognizable claim has been asserted by Plaintiff. Except as specifically admitted here, the remaining allegations of Paragraph 1 are denied.

2. The allegations of Paragraph 2 are denied.

3. The allegations of Paragraph 3 are denied.

4. It is admitted Plaintiff drafted a letter dated April 5, 2011, which speaks for itself. Except as specifically admitted herein, the remaining allegations of Paragraph 4 are denied.

5. The allegation of Paragraph 5 are denied.

## THE PARTIES

6. Upon information and belief, it is admitted Plaintiff resides in Manhattan and distributes a product called Fischer's Bee-Quick, and Plaintiff is Director of Education for the Honey Bee Conservatory and teaches courses. Except as specifically admitted here, the remaining allegations of Paragraph 6 are denied.

7. The allegations of Paragraph 7 are denied.

8. The allegations of Paragraph 8 are denied.

8a. The allegations of Paragraph 8a are denied.

9. It is admitted Exhibit 1 speaks for itself. Except as specifically admitted herein, the remaining allegations of Paragraph 9 are denied.

10. It is admitted Brushy Mountain Bee Farm, Inc. is a North Carolina corporation with its principal place of business located at 610 Bethany Church Road, Moravian Falls, NC 28564. Except as specifically admitted herein, the remaining allegations of Paragraph 10 are denied.

## JURISDICTION AND VENUE

11. The Forrests admit 17 U.S.C. § 101 et. seq. refers to the Copyright Act. Except as specifically admitted herein, the remaining allegations of Paragraph 11 are denied.

12. The Forrests admit 28 U.S.C. §§ 1331, 1332, and 1338 provide original jurisdiction to the district court and subject matter jurisdiction to civil actions arising under the laws of the United States and for civil actions arising under any Act of Congress related to copyrights and related actions, but denies any legal cognizable claim has been asserted by Plaintiff. Except as specifically admitted herein, the allegations of Paragraph 12 are denied.

13. The allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 are denied.

## PERSONAL LIABILITY OF CORPORATE OFFICERS

15. The allegations of Paragraph 15 are denied.

16. The allegations of Paragraph 16 are denied.

17. The allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 are denied.

19. The allegations of Paragraph 19 are denied.

20. The allegations of Paragraph 20 are denied.

## FACTUAL ALLEGATIONS RELATING TO ALL CLAIMS

21. The allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 are denied.

25. The allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied.

29. The allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 are denied.

31. The allegations of Paragraph 31 are denied.

32. The allegations of Paragraph 32 are denied.

33. The allegations of Paragraph 33 are denied.

34. The Forrests admit Plaintiff drafted a letter dated April 5, 2011, which speaks for itself. Except as specifically admitted herein, the remaining allegations of Paragraph 34 are denied.

35. The allegations of Paragraph 35 are denied.

**Plaintiff's Product, Copyrights, CMI, and Grants of Limited Permission to Defendants**

36. The allegations of Paragraph 36 are denied.

37. The allegations of Paragraph 37 are denied.

38. The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 38 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

39. The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 39 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

40. The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 40 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

41. The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 41 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

42. The allegations of Paragraph 42 are denied.

43. The allegations of Paragraph 43 are denied.

44. The allegations of Paragraph 44 are denied.

45. The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 45 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

46. It is admitted that the email referred to in Paragraph 46 speaks for itself.  Except as specifically admitted herein, the remaining allegations are denied.

47. The allegations of Paragraph 47 are denied.

48. The allegations of Paragraph 48 are denied.

49. The allegations of Paragraph 49 are denied.

### The Innocent Direct Infringement of the Sub-Dealers

50. The allegations of Paragraph 50 are denied.

51. The allegations of Paragraph 51 are denied.

52. The allegations of Paragraph 52 are denied.

53. The allegations of Paragraph 53 are denied.

54. The allegations of Paragraph 54 are denied.

55. The allegations of Paragraph 55 are denied.

56. The allegations of Paragraph 56 are denied.

57. The allegations of Paragraph 57 are denied.

58. The allegations of Paragraph 58 are denied.

### Factual Allegations Relating To All Copyright Claims

59. The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 59 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

60. The allegations of Paragraph 60 are denied.

61. The allegations of Paragraph 61 are denied.

62. The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 62 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

63. The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 63 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

64. The allegations of Paragraph 64 are denied.

65. The allegations of Paragraph 65 are denied.

66. The allegations of Paragraph 66 are denied.

67. The allegations of Paragraph 67 are denied.

68. The allegations of Paragraph 68 are denied.

69. The allegations of Paragraph 69 are denied.

70. It is admitted Exhibit 7 speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 7 are denied.

71. The allegations of Paragraph 71 are denied.

72. The allegations of Paragraph 72 are denied.

73. The allegations of Paragraph 73 are denied.

74. The allegations of Paragraph 74 are denied.

75. It is admitted Exhibit 20 speaks for itself. Except as specifically admitted herein, the remaining allegations of Paragraph 75 are denied.

76. The allegations of Paragraph 76 are denied.

77. The allegations of Paragraph 77 are denied.

78. The allegations of Paragraph 78 are denied.

79. The allegations of Paragraph 79 are denied.

80. The allegations of Paragraph 80 are denied.

81. The allegations of Paragraph 81 are denied.

82. The allegations of Paragraph 82 are denied.

83. The allegations of Paragraph 83 are denied.

84. The allegations of Paragraph 84 are denied.

85. The allegations of Paragraph 85 are denied.

86. The allegations of Paragraph 86 are denied.

87. The allegations of Paragraph 87 are denied.

88. The allegations of Paragraph 88 are denied.

89. The allegations of Paragraph 89 are denied.

## 1st Complaint – Secondary Copyright Infringement – Work (a)

90. The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 89 of the Third Amended Complaint as if set forth fully herein.

91. It is admitted Plaintiff has made claims for secondary infringement, but denies any legally cognizable claims has been asserted. Except as specifically admitted herein, the remaining allegations of Paragraph 91 are denied.

92. The allegations of Paragraph 92 are denied.

93. The allegations of Paragraph 93 are denied.

94. The allegations of Paragraph 94 are denied.

95. The allegations of Paragraph 95 are denied.

96. The allegations of Paragraph 96 are denied.

## 2nd Complaint – Copyright Infringement – Work (b)

97. The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 96 of the Third Amended Complaint as if set forth fully herein.

98. It is admitted Plaintiff has made claims for secondary infringement, but denies any legally cognizable claims has been asserted. Except as specifically admitted herein, the remaining allegations of Paragraph 98 are denied.

99. The allegations in Paragraph 99 are denied.

100. The allegations in Paragraph 100 are denied.

101. The allegations in Paragraph 101 are denied.

102. The allegations in Paragraph 102 are denied.

103. The allegations in Paragraph 103 are denied.

## 3rd Complaint – Copyright Infringement – Work (c)

104. The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 103 of the Third Amended Complaint as if set forth fully herein.

105. It is admitted Plaintiff has made claims for secondary infringement, but denies any legally cognizable claims has been asserted. Except as specifically admitted herein, the remaining allegations of Paragraph 105 are denied.

106. The allegations of Paragraph 106 are denied.

107. The allegations of Paragraph 107 are denied.

108. The allegations of Paragraph 108 are denied.

109. The allegations of Paragraph 109 are denied.

110. The allegations in Paragraph 110 are denied.

## 4th Complaint – Copyright Infringement – Work (d)

111. The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 110 of the Third Amended Complaint as if set forth fully herein.

112. It is admitted Plaintiff has made claims for secondary infringement, but denies any legally cognizable claims has been asserted. Except as specifically admitted herein, the remaining allegations of Paragraph 112 are denied.

113. The allegations of Paragraph 113 are denied.

114. The allegations in Paragraph 114 are denied.

115. The allegations in Paragraph 115 are denied.

116. The allegations in Paragraph 116 are denied.

117. The allegations in Paragraph 117 are denied.

## DMCA COMPLAINTS

118. The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 117 of the Third Amended Complaint as if set forth fully herein.

119. The allegations of Paragraph 119 are denied.

120. The allegations of Paragraph 120 are denied.

121. The allegations of Paragraph 121 are denied.

122. The allegations of Paragraph 122 are denied.

## 5th Complaint – Removal of Copyright Management Information – Work (a)

123. The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 122 of the Third Amended Complaint as if set forth fully herein.

124. It is admitted Plaintiff has alleged removal of copyright management information, but denies any legally cognizable claim has been asserted. Except as specifically admitted herein, the remaining allegations of Paragraph 124 are denied.

125. The allegations of Paragraph 125 are denied.

126. The allegations of Paragraph 126 are denied.

127. The allegations of Paragraph 127 are denied.

128. The allegations of Paragraph 128 are denied.

**6th Complaint – Removal of Copyright Management Information – Work (b)**

129. The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 128 of the Third Amended Complaint as if set forth fully herein.

130. It is admitted Plaintiff has alleged removal of copyright management information, but denies any legally cognizable claim has been asserted. Except as specifically admitted herein, the remaining allegations of Paragraph 130 are denied.

131. The allegations of Paragraph 131 are denied.

132. The allegations of Paragraph 132 are denied.

133. The allegations of Paragraph 133 are denied.

134. The allegations of Paragraph 134 are denied.

**7th Complaint – Removal of Copyright Management Information – Work (c)**

135. The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 134 of the Third Amended Complaint as if set forth fully herein.

136. It is admitted Plaintiff has alleged removal of copyright management information, but denies any legally cognizable claim has been asserted. Except as specifically admitted herein, the remaining allegations of Paragraph 136 are denied.

137. The allegations of Paragraph 137 are denied.

138. The allegations of Paragraph 138 are denied.

139. The allegations of Paragraph 139 are denied.

140. The allegations of Paragraph 140 are denied.

**8th Complaint – Removal of Copyright Management Information – Work (d)**

141. The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 140 of the Third Amended Complaint as if set forth fully herein.

142. It is admitted Plaintiff has alleged removal of copyright management information, but denies any legally cognizable claim has been asserted. Except as specifically admitted herein, the remaining allegations of Paragraph 142 are denied.

143. The allegations of Paragraph 143 are denied.

144. The allegations of Paragraph 144 are denied.

145. The allegations of Paragraph 145 are denied.

146. The allegations of Paragraph 146 are denied.

**FOR A FIRST DEFENSE**

(Failure to State a Claim as to All Counts)

Plaintiff fails to state facts sufficient to constitute a cause of action against the Forrests.

**FOR A SECOND DEFENSE**

(Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over the Forrests.

**FOR A THIRD DEFENSE**

(Equitable Defenses)

Plaintiff's claims for relief are barred by the doctrine of laches, estoppel, waiver and acquiescence.

**FOR A FOURTH DEFENSE**

(Lack of Standing as to All Counts)

Plaintiff's claims are barred, in whole or in part, for lack of standing.

**FOR A FIFTH DEFENSE**

(No injury as to All Counts)

Plaintiff has not suffered any damage or injury as a result of any act or conduct by the Forrests.

**FOR A SIXTH DEFENSE**

(No Causation as to All Counts)

Plaintiff's damages, if any, were not caused, in whole or in part, by the alleged conduct of the Forrests.

## FOR A SEVENTH DEFENSE

(Copyright Invalidity)

Plaintiff's alleged copyrights are invalid because, among other reasons, the content of the alleged works is in the public domain, the alleged works are not original, and the alleged works are not copyrightable in the first instance. Because its alleged copyrights are invalid, they are incapable of being violated.

## FOR AN EIGHT DEFENSE

(Statute of Limitations)

Plaintiff's claims are subject to all applicable statute of limitations which act as a bar to all claims arising or accruing outside of the statute of limitations.

## FOR A NINTH DEFENSE

(Sole Negligence)

Plaintiff has failed to take reasonable action to protect its alleged copyright. Whatever damages were suffered by Plaintiff, if any, were due to, were caused by, and, in fact, the direct and proximate result of Plaintiff's sole and willful acts, recklessness, and/or negligence.

## FOR A TENTH DEFENSE

(Waiver/Estoppel)

Plaintiff fails to allege any facts to support it made any reasonable efforts to protect the alleged "mark" over the course of many years, allowing it to be freely reproduced and used by many others.

## FOR AN ELEVENTH DEFENSE

(Fair Use)

Plaintiff's claim for copyright infringement is barred, in whole or in part, by the doctrine of fair use and because, without admitting copying of Plaintiff's alleged works, any alleged portion of Plaintiff's works that was used was so *de minimis* as to make no difference.

## FOR A TWELTH DEFENSE

(Reservation and Non-Waiver)

The Forrests reserves the right to set forth such other defenses as may be appropriate.

## FOR A THIRTEENTH DEFENSE

(Copyright Misuse)

Plaintiff has wrongfully sought to use the claimed copyright and copyright registrations to exclude or restrain competition in violation of applicable antitrust, unfair competition, and first amendment laws and, thus, Plaintiff's copyright infringement claim is barred by its unclean hands and copyright misuse and violation of the first amendment.

## FOR A FOURTEENTH DEFENSE

(Works Not Protected)

Plaintiff's claims for copyright infringement are barred, in whole or in part, because any portions of Plaintiff's work that were allegedly copied were not protectable in the first instance as part of the public domain.

### FOR A FIFTEENTH DEFENSE

(Merger)

Plaintiff cannot claim copyright protection for short phrases as there may be only one way to express and idea and its expression are inseparable, thus copyright is no bar to the copying of that expression, and alternatively, if multiple ways of expression exist, logic effectively limits that acceptable range or choices.

### FOR A SIXTEENTH DEFENSE

(Words and Short Phrases Are Not Protectable)

Plaintiff's alleged copyrights are words and short phrases that are not copyrightable.

### FOR A SEVENTEENTH DEFENSE

(Independent Creation)

Plaintiff's claims, including, without limitation, for copyright infringement are barred because Defendants independently created the works that are alleged to violate Plaintiff's rights.

### FOR AN EIGHTEENTH DEFENSE

(Abandonment)

Plaintiff's claim for copyright infringement are barred his abandonment of the alleged copyrights.

### FOR A NINETEENTH DEFENSE

(Authorization/Implied License)

Plaintiff's claims are barred because any and all alleged use of Plaintiff's materials was within the scope of authorization and/or the nonexclusive implied license granted by Plaintiff.

## FOR A TWEENTIETH DEFENSE

(Preemption)

Plaintiff's state law claims are barred to the extent they seek only to enforce rights already protected by the U.S. Copyright Act and thus, are preempted by the same.

## PRAYER FOR RELIEF

**WHEREFORE,** the Forrests pray for a Judgment as follows:

1. Dismissing all of Plaintiff's claims and awarding attorney's fees and costs to the Forrests;

2. Dismissing with prejudice Plaintiff's action and all claims against the Forrests for monetary relief;

3. That Plaintiff have and recover nothing from the Forrests;

4. Awarding the Forrests such other and further relief as the Court may deem just and proper; and

5. That all triable issues be brought before a jury.

Dated: January 19, 2016

        CLEMENTS BERNARD, PLLC
        *Attorneys for Defendant*

        By:*/s/ Seth L. Hudson*
        Seth L. Hudson (*Admitted Pro Hac Vice*)
        4500 Cameron Valley Parkway Suite 350
        Charlotte, NC 28211
        Phone: (704) 790-3600
        Fax:    (704) 366-9744

        – and –

        Daniel K. Cahn, Esq. (DC9791)
        Law Offices of Cahn & Cahn, P.C.
        105 Maxess Road, Suite 124
        Melville, NY 11747
        Phone: (631) 752-1600
        Fax:    (631) 574-4401