UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAMES H. FISCHER,                                    :

               Plaintiff,                          :

                                                                     14 Civ. 1304 (PAE) (AJP)

              -against-                           :                 14 Civ. 1307 (PAE) (AJP)

STEPHEN T. FORREST, JR., SANDRA F.                   :          **OPINION & ORDER**
FORREST, SHANE R. GEBAUER, and
BRUSHY MOUNTAIN BEE FARM, INC.,                      :

               Defendants.                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

              It is time, once again, to issue a discovery wake-up call to the Bar in this District:[1] the Federal Rules of Civil Procedure were amended effective December 1, 2015, and one change that affects the daily work of every litigator is to Rule 34.  Specifically (and I use that term advisedly), responses to discovery requests must:

          •      State grounds for objections with specificity;

          •      An objection must state whether any responsive materials are being withheld on the basis of that objection; and

          •      Specify the time for production and, if a rolling production, when production will begin and when it will be concluded.

---

[1]     See William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co., 256 F.R.D. 134, 134 (S.D.N.Y. 2009) (Peck, M.J.) ("This Opinion should serve as a wake-up call to the Bar in this District about the need for careful thought, quality control, testing, and cooperation with opposing counsel in designing search terms or 'keywords' to be used to produce emails or other electronically stored information ('ESI').").

Most lawyers who have not changed their "form file" violate one or more (and often all three) of these changes.

Rule 34(b)(2)(B)-(C) as amended states (new language in bold):

(B)     *Responding to Each Item.*  For each item or category, the response must either state that inspection and related activities will be permitted as requested or state **with specificity the grounds for objecting** to the request, including the reasons.  **The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection.   The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.**

(C)     *Objections*. **An objection must state whether any responsive materials are being withheld on the basis of that objection**.  An objection to part of a request must specify the part and permit inspection of the rest.

The 2015 Advisory Committee Notes to Rule 34 emphasize the reasons for the amendments:

Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity.  This provision adopts the language of Rule 33(b)(4), eliminating any doubt that less specific objections might be suitable under Rule 34.  The specificity of the objection ties to the new provision in Rule 34(b)(2)(C) directing that an objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection may state that a request is overboard, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad.  Examples would be a statement that the responding party will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources.  When there is such an objection, the statement of what has been withheld can properly identify as matters "withheld" anything beyond the scope of the search specified in the objection.

Rule 34(b)(2)(B) is further amended to reflect the common practice of producing copies of documents or electronically stored information rather than simply permitting inspection.  The response to the request must state that copies will be produced.  The production must be completed either by the time for inspection specified in the request or by another reasonable time specifically identified in the

<u>response.  When it is necessary to make the production in stages the response should specify the beginning and end dates of the production.</u>

<u>Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection.  This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections.</u>  The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection.  An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been "withheld."

2015 Adv. Comm. Notes to Rule 34 (emphasis added).

Despite the clarity of the no-longer-new 2015 Amendments, the Court still sees too many non-compliant Rule 34 responses.  This case is the latest.

## The Defendants' Objections in These Cases Violate Rule 34

In these related cases asserting claims for, among other things, copyright and trademark violations,[2] defendants' amended Rule 34 Responses (dated February 10, 2017) contain 17 "general objections," including General Objections No. I stating that "Defendant objects to the requests to the extent that they call for the disclosure of information that is not relevant to the subject matter of this litigation, nor likely to lead to the discovery of relevant, admissible evidence."  At the end of the general objections, defendants state that "Subject to and without waiver of the foregoing general objections which are hereby incorporated by reference into each response, Defendant's Response to Plaintiff's Request for Production of Documents are as follows . . . ."

---

[2]    For background information about these cases, see <u>Fischer</u> v. <u>Forrest</u>, 14 Civ. 1304, 2017 WL 128705 (S.D.N.Y. Jan. 13, 2017) (Peck, M.J.).

4

Turning to defendants' responses to the requests, the Court will reproduce the first

two:

<u>Request for Production of Documents</u>

1.      All emails, correspondence, letters and other written communications
        between any employee, agent, officer, director, or member of Defendant and
        Plaintiff from 2008 to present.

        <u>Response:</u> Defendant objects to this Request for Production to the extent that
        it is overly broad and unduly burdensome, and not likely to lead to the
        discovery of relevant evidence.  Defendant further objects to this Request as
        it requests information already in Plaintiff's possession.

2.      All drafts, revisions, amendments and final versions of Defendant's catalog(s)
        from 2008 to present.

        <u>Response:</u> Defendant objects to this Request for Production to the extent that
        it is overly broad and unduly burdensome, and not likely to lead to the
        discovery of relevant evidence.  Defendant further objects to this Request as
        it requests information already in Plaintiff's possession.  Subject to and
        without waiving said objections, Defendant has provided Plaintiff with the
        cover page and page advertising either Bee-Quick or Natural Honey
        Harvester.

Let us count the ways defendants have violated the Rules:

First, incorporating all of the General Objections into each response violates Rule

34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether

any responsive materials are withheld on the basis of an objection.  General objections should rarely

be used after December 1, 2015 unless each such objection applies to each document request (<u>e.g.</u>,

objecting to produce privileged material).

Second, General Objection I objected on the basis of non-relevance to the "subject

matter of this litigation." (<u>See</u> page 3 above.)  The December 1, 2015 amendment to Rule 26(b)(1)

limits discovery to material "relevant to any party's claim or defense . . . ."  Discovery about "subject matter" no longer is permitted.  General Objection I also objects that the discovery is not "likely to lead to the discovery of relevant, admissible evidence."   The 2015 amendments deleted that language from Rule 26(b)(1), and lawyers need to remove it from their jargon.  See In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016) (Campbell, D.J.) ("The 2015 amendments thus eliminated the 'reasonably calculated' phrase as a definition for the scope of permissible discovery.  Despite this clear change, many courts [and lawyers] continue to use the phrase.  Old habits die hard. . . .   The test going forward is whether evidence is 'relevant to any party's claim or defense,' not whether it is 'reasonably calculated to lead to admissible evidence.'").

Third, the responses to requests 1-2 stating that the requests are "overly broad and unduly burdensome" is meaningless boilerplate.  Why is it burdensome?  How is it overly broad? This language tells the Court nothing.  Indeed, even before the December 1, 2015 rules amendments, judicial decisions criticized such boilerplate objections.  See, e.g., Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 358 (D. Md. 2008) (Grimm, M.J.) ("[B]oilerplate objections that a request for discovery is 'over[broad] and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence,' persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts." (record cite omitted)).

Finally, the responses do not indicate when documents and ESI that defendants are producing will be produced.

The Court requires defendants to revise their Responses to comply with the Rules.

6

## **Conclusion**

The December 1, 2015 amendments to the Federal Rules of Civil Procedure are now 15 months old.  It is time for all counsel to learn the now-current Rules and update their "form" files. From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).

SO ORDERED.

Dated:           New York, New York
                 February 28, 2017

_____
**Andrew J. Peck**
United States Magistrate Judge

Copies **by ECF** to:      All Counsel
                           Judge Engelmayer